■ In the Matter of RAYMOND T. ROURKE, Appellant-Respondent, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents-Appellants. [666 NYS2d 765] —Yesawich Jr., J. Cross appeals from a judgment of the Supreme Court (Keegan, J.), entered October 10, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, *inter alia*, granted petitioner's application pursuant to 42 USC § 1988 for an award of counsel fees.

Having prevailed on his petition seeking relief for respondents' violation of his civil rights (201 AD2d 179), petitioner moved for counsel fees pursuant to 42 USC § 1988 and CPLR article 86. Because Supreme Court did not spell out how it arrived at the counsel fee award it made of $25,000, this Court remitted the matter for redetermination of that award (224 AD2d 815).

On remittal, Supreme Court examined the affidavits submitted by each of petitioner's three attorneys, requesting a total of $86,178, and made adjustments thereto. In its final analysis, the court refused to make any award for 189.5 hours expended prior to September 16, 1993, which the attorneys conceded were based upon reconstructed time records; reduced by 50% the fee requested for 64 hours of work, the nature of which was found to be insufficiently documented; deducted 54.4 hours as either excessive or duplicative; and reduced the hourly rate sought by each of the three attorneys. These modifications resulted in a final award of $25,602. Petitioner appeals, seeking upward modification of the award to reflect the full $92,350.50 his attorneys have purportedly earned to date.*

Petitioner contends that the reductions made by Supreme Court have no support in the relevant case law and were the product of a "result-oriented" effort to produce a fee award nearly identical to the original $25,000 grant. We disagree. As Supreme Court found, many of the time records submitted by the two lead attorneys did not contain sufficient detail to permit intelligent review of the necessity or reasonableness of the time expenditures recorded therein (*see, Valmonte v Bane*, 895 F Supp 593, 602); our review of the record reveals ample basis for the court's finding that 64 hours were inadequately

---

* Although they initially filed a notice of cross appeal from the judgment, respondents no longer seek any affirmative relief from this Court, urging only that an affirmance is warranted.

documented (*see, Matter of Harvey v County of Rensselaer*, 190 AD2d 261, 265, *revd on other grounds* 83 NY2d 917), and its decision to reduce those hours by 50% as a result (*cf., New York State Assn. for Retarded Children v Carey*, 711 F2d 1136, 1146). It was not improper to exclude hours spent discussing the case with students—petitioner was represented by the Cornell Law School Civil Liberties Clinic—in the absence of any indication, within the time records submitted, of the nature and purpose of those discussions. Nor do we deem injudicious Supreme Court's determination that some of the hours expended by the lead attorneys were excessive for the work actually performed (e.g., 74 hours preparing an appellate brief, 32 hours preparing a motion to vacate a stay), in view of counsels' asserted level of expertise, and the assistance they admittedly received from students (*see, Matter of Harvey v County of Rensselaer, supra*, at 266).

It is also within Supreme Court's discretion to set the hourly rates at which counsel should be compensated, after considering the prevailing market conditions in the area (*see, Matter of Behavior Research Inst. v Ambach*, 144 AD2d 872, 874), and other relevant factors (*see, Matter of Rahmey v Blum*, 95 AD2d 294, 302-303; *New York State Assn. for Retarded Children v Carey, supra*, at 1150-1152). Given the entirety of the circumstances, including the fact that this case was resolved by summary judgment without any significant amount of time spent in court (*see, Matter of Harvey v County of Rensselaer, supra*, at 265; *Matter of Rahmey v Blum, supra*), we are not inclined to say that the rates set by Supreme Court are outside the range of reasonable compensation for these attorneys (*cf., Haley v Pataki*, 901 F Supp 85, 89, *affd* 106 F3d 478). The fact that a respected scholar such as Professor Simson might be able to command a higher rate for a short-term or single-task consulting project does not compel a contrary result.

It was, however, inexpedient to deny any payment whatsoever for the 189.5 hours expended by counsel prior to September 16, 1993. Although it has been held that counsel fees may not be awarded, pursuant to 42 USC § 1988, in the absence of contemporaneous time records (*see, New York State Assn. for Retarded Children v Carey, supra*, at 1147), more flexibility has been permitted where, as here, recovery of fees is sought under CPLR article 86 (*see, Matter of Thomas v Coughlin*, 194 AD2d 281, 284; *see also, Riordan v Nationwide Mut. Fire Ins. Co.*, 977 F2d 47, 53). And, while the reconstructed records of the hours spent before this date suffer from some of the same deficiencies as do the contemporaneous records kept thereafter,

it nevertheless cannot be disputed that much valuable work was completed during that time period, including factual investigation, preparation and service of the petition, and preparation of papers and briefs supporting petitioner's motion for summary judgment and opposing respondents' motion to dismiss. Accordingly, in our view, it is more appropriate that some compensation be provided for this work. Our review of the record leads us to conclude that the claimed hours (with the exception of travel time to and from Albany) should be reduced by 50% to account for the factors noted above, as well as the additional inaccuracy occasioned by the failure to maintain contemporaneous time records. This results in an additional award of $7,850 for Professor Simson's time (50 hours at $150 per hour, and 7 hours travel time, at $50 per hour), and $4,933.75 for Professor Galbreath's time (35.95 hours at $125 per hour, and 8.8 hours—7 travel, 1.8 clerical—at $50 per hour).

Petitioner is also entitled to fees incurred in connection with this appeal (*see, Podhorecki v Lauer's Furniture Stores,* 201 AD2d 947). Multiplying the hours spent thereon—which are not unreasonable—by the hourly rates established by Supreme Court, equates to an additional recovery of $4,542.50 (18.7 hours at $150, plus 13.9 hours at $125).

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is modified, on the law and the facts, with costs to petitioner, by increasing the amount of the fee award to $38,385.75; petitioner is granted an additional award of $4,542.50 for fees incurred on this appeal; and, as so modified, affirmed. [As amended by unpublished order entered Apr. 13, 1998.] *[See,* 159 Misc 2d 324.]