**MT. AIRY INSURANCE COMPANY and Coregis Insurance Company,**
**Plaintiffs,**

v.

**TOWN OF ORANGETOWN, NEW YORK, Joseph V. Colello, Wayne A. Gavioli, Mary Ann Gavioli, Marcia Lieb, as Executrix of the Estate of Morton Lieb, Thomas Swift, Diana Rief, Peter W. Sluys, Robert P. Knight, and James Leman, Defendants.**

No. 95 Civ. 7152(BDP).

United States District Court,
S.D. New York.

Aug. 26, 1998.

58

Michael A. Miranda, Thurm & Heller, New York City, Richard Seavey, Peter G. Thompson, Ross Dixon & Masback, Washington, D.C., for Plaintiffs.

Dennis Michaels, James Riley, Town Attorney, Town Hall, Orangeburg, N.Y., Stuart Shamberg, Shamberg Marwell Hocherman Davis & Hollis, Mount Kisco, NY, for Defendants.

## ORDER

PARKER, District Judge.

### BACKGROUND

Currently before this Court is the application of the Estate of Morton Lieb (the "Estate") for an award of attorneys' fees. Plaintiffs, the Mt. Airy Insurance Company and the Coregis Insurance Company (collectively "Coregis"), oppose this application on the ground that the amount of attorneys' fees requested is unreasonable. The Court has considerable familiarity with this matter and the work of counsel as a result of extensive pretrial proceedings.

On August 29, 1995, Coregis filed this action (the "Coverage Action") against the Town of Orangetown (the "Town") and its Board of Trustees (the "individual defendants"), seeking a declaration that, under the liability insurance policy Coregis had issued to the defendants, Coregis had neither a duty to defend nor indemnify the individual defendants in connection with the individual defendants' defense of a state court action captioned *Peter W. Sluys, et al. v. Joseph v. Colello, et al.* (the "Sluys Action"). The plaintiffs in the *Sluys* Action sought to hold the individual defendants personally liable for a judgment previously entered against the Town. The matter was resolved when the underlying lawsuit was dismissed on appeal.

After a conference before this Court, Coregis agreed in principle to pay reasonable attorneys' fees incurred by the individual defendants in defending the *Sluys* Action as well as in the Coverage Action with the understanding that the Court would fix the fees in the event the parties were unable to agree to them. The individual defendants, including the Estate of Morton Lieb, submitted their applications for attorneys' fees. Coregis agreed to pay the amounts requested by the individual defendants other than the Estate.

Coregis opposes the amount of fees requested by the Estate. The Estate requests fees for its counsel in the amounts of $31,102 for Joseph Gaier, Esq.; $15,162.80 for John J. Fox, Esq.; and $7,619 for the firm of Shamberg Marwell Hocherman Davis & Hol-

lis, P.C. (the "Shamberg Firm"). Coregis contends that the fees sought were not properly documented or supported, were unreimbursable, and were unnecessarily and unreasonably incurred. Coregis contends that Gaier's fee should be no more than 1/3 of the amount requested, that $9,522.05 is a reasonable attorneys' fee for Fox, and that Shamberg's fee should be reduced by at least $3,500.

## DISCUSSION

As previously noted, Coregis has agreed, in principle, to pay the Estate's reasonable attorneys' fees, but contends that the amount of fees sought by the Estate is unreasonable. The Court has reviewed the time records and supporting documentation provided by counsel, and has considered Coregis' objections to the fees requested.

 An award of attorneys' fees must be reasonable, based on the amount of attorney hours usefully and reasonably expended in connection with the matter. *Blanchard v. Bergeron,* 489 U.S. 87, 93, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); *Haley,* 106 F.3d at 484. The burden of documenting the amount of an attorneys' fee award falls on the party submitting the award. *Hensley v. Eckerhart,* 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This documentation must include a "proper basis for determining how much time was spent on particular claims." *Id.* at 436 n. 12, 103 S.Ct. 1933 (quoting *Nadeau v. Helgemoe,* 581 F.2d 275 (1st Cir.1978)). Furthermore, the documents presented by the Estate must provide a detailed and specific record of the work that was undertaken. *Rourke v. New York State Dep't of Correctional Services,* 666 N.Y.S.2d 765 (N.Y.App. Div.1997).

 Coregis argues that the amount of Gaier's fee request is unreasonably high. Gaier submitted reconstructed, but not contemporaneous, time records. Although Gaier undoubtedly conferred substantial value on the Estate, the absence of appropriate documentation means that Coregis' objections to the Gaier application must be reviewed with particular care. Under New York law, courts may award attorneys' fees on the basis of either reconstructed or contemporaneous time records. *See Riordan v. Nationwide Mut. Fire Ins. Co.,* 977 F.2d 47, 53 (2d Cir.1992). Coregis also contends that Gaier's fee request includes duplicative services in defending both the Sluys Action and the Coverage Action and that counsel should not be twice compensated for the same work.

Coregis argues that Fox's fee request is unreasonable because it includes fees incurred in litigation other than in defense of the Coverage Action and the Sluys Action. Additionally, Coregis claims that Fox continued unnecessarily to perform services for the Estate after the retention of another law firm. Coregis also claims that Fox's fee request included fees for attendance at a conference that, in fact, he did not attend.

Coregis contends that the fees requested by the Shamberg Firm are unreasonable because the work performed by the firm was unnecessary and the retention of the Shamberg Firm reflected the overstaffing of the case. Finally, Coregis asserts that both the Shamberg firm and Fox provided services in connection with preparing and pursuing this fee application, fees which Coregis claims are not reimbursable.

## CONCLUSION

 For the reasons discussed above, the Estate of Morton Lieb's application for attorneys' fees and costs is granted. The Court finds, based on the respective applications and objections and the Court's familiarity with these proceedings the following amounts to be appropriate and reasonable: Joseph Gaier, Esq. $20,000 fees and $202.50 in disbursements; John Fox, Esq. $11,000 fees and $10.75 in disbursements; and Stuart B. Shamberg, Esq. $6,000 in fees and $92.49 in disbursements. These amounts are awarded. The Clerk of the Court is directed to dismiss the action with leave to reopen solely in respect of the Estate's fee application.

**SO ORDERED**