Helen **CARROLL**, as Surviving Spouse of Raymond Carroll, Deceased; and Harriet S. Herrick, as Surviving Spouse of John Herrick, on behalf of themselves and others similarly situated, Plaintiffs,

v.

Barbara A. **DeBUONO**, M.D., M.P.H., Commissioner of the New York State Department of Health; Ross Prinzo, Jr., Commissioner of the Albany County Department of Social Services; and Richard Staszak, Commissioner of the Schenectady County Department of Social Services, Defendants.

No. 96–CV–0502.

United States District Court,
N.D. New York.

May 4, 1999.

O'Connell, Aronowitz Law Firm, Albany, NY, Peter Danziger, Pamela A. Nichols, Kathleen M. Treasure, of counsel, Office of Norma E. Hogan, Albany, NY, Norma E. Hogan, of counsel, for plaintiffs.

Office of Attorney General, State of New York, Litigation Bureau, Albany, NY, Christopher W. Hall, AAG, of counsel, for defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

Presently before the Court is plaintiffs' motion for attorneys' fees and expenses pursuant to 42 U.S.C. § 1988 and N.Y.C.P.L.R. § 8601. Plaintiffs bring this action alleging their status as "prevailing parties" from a prior decision and judgment, familiarity with which is assumed. *See Carroll v. DeBuono*, 998 F.Supp. 190 (N.D.N.Y.1998).

In brief, plaintiffs seek attorneys' fees pursuant to a judgment obtained against New York State and county commissioners. That judgment declared invalid and enjoined enforcement of New York State Department of Social Service regulation 18 N.Y.C.R.R. 360–7.5(a)(5) (the "Regulation"), which limited reimbursement of medical costs incurred three months prior to their application to medical care provided by an enrolled-Medicaid provider.

## II. DISCUSSION

### 1. Plaintiffs' Motion for Attorneys' Fees

■ As prevailing parties, plaintiffs are entitled to reasonable attorneys' fees pursuant 42 U.S.C. § 1988. *Maher v. Gagne*, 448 U.S. 122, 128–29, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *Maine v. Thiboutot*, 448 U.S. 1, 8–9, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). To determine a reasonable fee, a court must first establish a "lodestar" figure by multiplying the number of hours reasonably expended by the party's attorneys by a reasonable hourly rate. *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The resulting lodestar may then be adjusted, at the district court's discretion, based on other factors. *Hensley*, 461 U.S. at 429 n. 3, 103 S.Ct. 1933. (enumerating other factors).

### A. The Lodestar Figure

#### i. Hourly Rates

In determining the hourly rate, I am mindful of the Supreme Court's adoption of the marketplace model. *See Blum*, 465 U.S. at 896, 104 S.Ct. 1541; *see also Fiacco v. Rensselaer*, 663 F.Supp. 743, 745 (N.D.N.Y.1987); *Levy v. Scranton*, 1992 WL 265936, at *2 (N.D.N.Y. Oct.1, 1992); *Auburn Enlarged City Sch. Dist. v. Coastal Env. Safety and Control, Inc.*, 1990 WL 19139, at *1 (N.D.N.Y. Feb.27, 1990). A district court also considers other rates that have been awarded in similar cases in the same district. *Levy*, 1992 WL 265936, at *3; *Miner v. City of Glens Falls*, 1992 WL 349668, at *17 (N.D.N.Y. Nov.12, 1992), *aff'd*, 999 F.2d 655 (2d Cir.1993); *Fiacco*, 663 F.Supp. at 745; *Auburn Enlarged City Sch. Dist.*, 1990 WL 19139, at *2.

In this case, attorneys Peter Danziger and Pamela Nichols seek fees at the hourly rates of $230 and $175, respectively. Defendants respond that plaintiffs requested hourly rates are too high, "well above

the market rates recognized by the Northern District of New York." *See* Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees, at 8.

For approximately the last ten years, the highest rates generally available in the Northern District of New York were $150.00 per hour for partners with significant experience and numerous years of practice, $100.00 per hour for associates, and $50.00 per hour for paralegal work. *See, e.g., Serbalik v. Gray,* 1999 WL 34989, *3 (N.D.N.Y. Jan.14, 1999); *Marshall v. State of New York,* 31 F.Supp.2d 100, 103–04 (N.D.N.Y.1998); *Abou–Khadra v. Bseirani,* 971 F.Supp. 710, 718 (N.D.N.Y. 1997); *Equal Employment Opportunity Comm'n v. American Fed'n of State, County and Mun. Employees,* 1996 WL 663971, at *7 (N.D.N.Y. Nov.12, 1996). These rates, however, were recently increased to reflect the prevailing market rates in this district. *TM Park Ave. Assocs. v. Pataki,* 44 F.Supp.2d 158, 166–67 (N.D.N.Y.1999).

■ Consistent with *TM Park,* the applicable hourly rate depends on an attorney's professional experience. Thus, as a general rule, partners with significant experience and numerous years of practice are entitled to reimbursement at the hourly rate of $175.00; associates with four or more years of experience at the hourly rate of $125.00; and newly-admitted attorneys at the rate of $100.00 per hour, i.e., attorneys who have been practicing for three years or less. *TM Park Ave. Assocs.,* at 166–67. The applicable rate for paralegal work remains at $50 per hour.

In this case, plaintiffs seek hourly fees of $150.00 per hour for two associates, Kathleen Treasure and Seth Eisenberg. Treasure has four years of professional experience; thus, applying the rate structure discussed above, she is entitled to $125.00 per hour. Eisenberg has less than three years of experience; thus, he is entitled to $100.00 per hour. Partners Danziger, Nichols, and Hogan, will each be compensated at the rate of $175.00 per hour, as attorneys with significant experience as well as numerous years of practice.

### ii. Reasonable Hours

■ To recover attorneys' fees, the party must support the application with contemporaneous time records of work performed. *See Lewis v. Coughlin,* 801 F.2d 570, 577 (2d Cir.1986). If the court determines that certain claimed hours are "excessive, redundant, or otherwise unnecessary ... the court should exclude those hours in its calculation of the lodestar." *Gierlinger v. Gleason,* 160 F.3d 858, 876 (2d Cir.1998) (citations omitted). Importantly, "in making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Id.* (citations omitted).

Plaintiffs' attorneys from the law firm of O'Connell and Aronowitz submitted such contemporaneous time records. Specifically, it requests compensation for a total of 529.6 hours for its services, representing work. distribution among its attorneys as follows: 26 to Danziger; 112.6 to Nichols; 319.2 to Treasure; 16.7 hours to Eisenberg; and 55.1 hours for law clerk assistance.

Plaintiffs' attorneys at the Hogan law firm did not submit contemporaneous time records. The Hogan firm seeks compensation for 88.5 hours, which represents 44.5 hours for attorney Hogan, 42 hours for an associate, and 2 hours for paralegal work.

While defendants have submitted objections to the hours requested by plaintiffs' attorneys, only some of them merit discussion. *See, e.g., Lunday v. City of Albany,* 42 F.3d 131, 134 (2d Cir.1994) (district court not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items."). Not surprisingly, defendants first assert that because the Hogan firm

failed to submit contemporaneous time records, its time must be disallowed in its entirety.

■ In *New York State Assoc. for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir.1983), the Second Circuit had such difficulties in calculating attorneys' fees due to the lack of contemporaneous records that they announced a new approach:

> Hereafter, any attorney—whether a private practitioner or an employee of a nonprofit law office—who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done.

*see also N.S.N. Intern. Indus. N.V. v. E.I. Du Pont De Nemours. & Co.,* 1996 WL 154182, at *3 (S.D.N.Y. Apr.3, 1996). Thus, in the absence of contemporaneous time records, an application for fees must be disallowed pursuant to 42 U.S.C. § 1988. *See, e.g., Carey,* 711 F.2d at 1154 ("[A]pplications for attorneys' fees ... should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done."); *Riordan v. Nationwide Mutual Fire Ins. Co.,* 977 F.2d 47, 53 (2d Cir.1992) (noting that in the Second Circuit, failure to keep contemporaneous time records "results in the denial of the motion for fees."). Consequently, the Hogan firm's reconstruction of its prior legal services is inadequate for compensation pursuant to 42 U.S.C. § 1988.

Plaintiffs assert, in the alternative, that the Hogan firm can be compensated pursuant to N.Y.C.P.L.R. § 8601 (McKinney's Supp.1999), the so-called State "Equal Access to Justice Act." Section 8601(a) provides that "a court shall award to a prevailing party, other than the state, fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust." Section 8602(d)(i) of the C.P.L.R. defines an eligible "party" as "an individual whose net worth, not including the value of a homestead used and occupied as a principal residence, did not exceed fifty thousand dollars at the time the civil action was filed."

In this case, the prerequisites for recovery under § 8601 are met; namely, that plaintiffs are both an eligible "party" and a "prevailing party," and the State's position was not "substantially justified." *See Carroll,* 998 F.Supp. at 195–96. The State, in fact, does not contest any of these points.

The remaining question is whether New York mandates contemporaneous time records for recovery under the Equal Access to Justice Act. Section 8601(c) provides, inter alia, that a party must submit "an itemized statement from every attorney ... for whom fees or expenses are sought stating the actual time expended." New York courts have interpreted § 8601 as providing for more flexibility than the federal statute, 42 U.S.C. § 1988. *Rourke v. New York State Dept. Of Correctional Services,* 245 A.D.2d 870, 666 N.Y.S.2d 765, 768 (3d Dep't 1997); *Riordan,* 977 F.2d at 53. That is, even in the absence of contemporaneous time records, state courts have permitted an award of attorneys' fees under § 8601. *See, e.g., Rourke,* 666 N.Y.S.2d at 768. For example, most recently in *Rourke,* the Third Department reasoned that despite the fact that plaintiffs' attorneys had submitted only reconstructed time records, some compensation was reasonable in light of the attorneys' undisputed contributions to the success of the litigation. Thus, *Rourke* allowed for the recovery of attorneys' fees, albeit applying a 50% reduction to the amount requested.

■ In the present case, like *Rourke,* there is no dispute that the Hogan firm contributed valuable services to the suc-

cess of plaintiffs' suit. Additionally, Hogan's affidavit reconstructs with adequate specificity the matters the firm handled. A review of the time allocated for the nature of the work performed is reasonable. Some compensation is just under these circumstances. The Hogan firm's application seeks reimbursement at the hourly rate of $200 per hour for Hogan's time, and requests total compensation for legal fees in the amount of $13,180. Taking into account the absence of contemporaneous time records, and after applying the proper rate of $175 per hour for Hogan's time, I find that the Hogan firm is entitled to recover the reduced amount of $7,000 under New York's Equal Access to Justice Act.

With respect to the law firm of O'Connell and Aronowitz, defendants assert that its time entries lack sufficient detail. As support, its brief contains what purports to be a summary of the firms' inadequate time entries. Oddly though, defendants' citations to plaintiffs' time records are incomplete. For instance, they cite plaintiffs' entry of 6/5/97 as providing only one word: "research." *See* Def. Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees, at 11. In fact, plaintiffs' actual entry is as follows: "KMT Legal research; draft motion for summary judgment. Meeting re: research, research into affirmative defenses asserted in case—Abstention Doctrine Comity." In short, the firms' time records are sufficiently detailed.

### iii. Summary of Lodestar Calculation

In sum, then, applying the disallowances discussed above, the lodestar figure for the law firm of O'Connell and Aronowitz is as follows:

| | |
|---|---|
| 26 hours × $175.00 per hour | = $ 4,550.00 |
| 112.6 hours × $175.00 per hour | = $19,705.00 |
| 319.2 hours × $125.00 per hour | = $39,900.00 |
| 16.7 hours × $100.00 per hour | = $ 1,670.00 |
| 55.1 hours (clerk) × $50.00 per hour | = $ 2,755.00 |

Therefore, the total lodestar figure for O'Connell and Aronowitz is $68,580.00.

The Hogan firm is awarded fees in the reduced amount of $7,000.00 for the reasons previously noted.

■ Once the lodestar amount is calculated, there is a strong presumption that this figure constitutes a reasonable amount. *See, e.g., City of Burlington v. Dague,* 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). The burden falls on the party advocating an adjustment to justify that a change is necessary. *United States Football League v. National Football League,* 887 F.2d 408, 413 (2d Cir. 1989) (citing *Lindy Bros. Builders Inc. v. American Radiator & Standard Sanitary Corp.,* 540 F.2d 102, 118 (3d Cir.1976)).

■ Defendants argue for a significant downward departure from the lodestar because they believe this action was unnecessary. Essentially, defendants contend that *Seittelman v. Sabol,* 91 N.Y.2d 618, 674 N.Y.S.2d 253, 697 N.E.2d 154, 1998 WL 151295 (1998), which held invalid the same Regulation at issue here, rendered this action duplicative. I cannot agree.

Although *Seittelman* was pending before the New York Court of Appeals at the same time this matter was being heard, plaintiffs' victory was no less significant. The present case addressed whether a state Medicaid regulation comports with federal Medicaid laws. Thus, any decision by a federal court would take precedence over a contrary state court decision. Furthermore, had the New York Court of Appeals reversed the lower courts and held the Regulation valid, this Court's decision would have continued to bind the State from enforcing the Regulation. It also bears emphasizing that plaintiffs in

this case were not members of the *Seittelman* class, and the State was continuing to enforce the Regulation during the pendency of the appeals. Further, had the plaintiffs not initiated this action, their claims would also have been time-barred. For all these reasons, defendants' assertion that this action was duplicative of the *Seittelman* litigation is without merit.

Defendants next assert, in similar vein, that this litigation can be classified as only "limited success" because plaintiffs did not achieve monetary recovery, nor did they recover under their alternative constitutional theories. *Carroll v. Blinken*, 105 F.3d 79, 81 (2d. Cir.1997). Yet the Second Circuit has expressly rejected a requirement in civil rights cases that an award of attorneys' fees be computed in strict proportion to the degree of success a plaintiff achieved. *See Lunday v. City of Albany*, 42 F.3d 131, 134–135 (2d Cir. 1994); *Cowan v. Prudential Ins. Co. of Am.*, 935 F.2d 522, 525–28 (2d Cir.1991). Consequently, instead of attempting to dissect the case into discreet claims, I will, as the Supreme Court has suggested, "focus on the significance of the overall relief obtained by the plaintiff[s] in relation to the hours reasonably expended on the litigation." *Id.* Here, the overall relief obtained by plaintiffs was the invalidation of a Regulation denying reimbursement during the retroactive period. As a result of the relief obtained, plaintiffs have protected not only their own rights but also the rights of thousands of other individuals to seek reimbursement during the retroactive period. This is significant. Defendants also concede "[i]n fairness, the instant plaintiffs did achieve more than strictly nominal relief." *See* Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees, at 7. In short, the degree of success factor does not warrant a reduction to the lodestar amount.

I have considered defendants' remaining arguments and find them to be without merit.

**B. Costs and Expenses**

The costs associated with litigation are generally recoverable if they are "reasonable out-of-pocket expenses incurred by the attorney and which are normally charged to fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir.1987).

Here, plaintiffs seek to recover costs of $2,537.00, representing expenses for postage, process servers, couriers photocopies, long-distance telephone calls, research, and facsimile transmissions. They are all properly recoverable. *See LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir.1998); *O'Grady*, 1999 WL 30988, at *8. Defendants also oppose none of them. Accordingly, plaintiffs are entitled to costs in the amount of $2,537.00.

## III. CONCLUSION

For the reasons stated above, plaintiffs' motion for attorneys' fees and expenses is granted as follows: $68,580.00 and $2,537.00 for the services and expenses of O'Connell and Aronowitz; and $7,000.00 for the services of the Hogan firm.

**IT IS SO ORDERED.**