**SHEET METAL DIVISION OF CAPITOL DISTRICT SHEET METAL, ROOFING & AIR CONDITIONING CONTRACTORS ASSOCIATION, INC.; Associated Sheet Metal and Roofing Contractors of Connecticut; and Sheet Metal Contractors Association of Northern New Jersey, Plaintiffs,**

v.

**LOCAL UNION 38 OF THE SHEET METAL WORKERS INTERNATIONAL ASSOCIATION and Sheet Metal & Roofing Employers Association of Southeastern New York, Inc., Defendants.**

No. 98–CV–1023.

United States District Court, N.D. New York.

July 23, 1999.

Couch, White, Brenner, Howard & Fiegenbaum, LLP, Albany, New York, for plaintiffs, James J. Barriere, Leslie F. Couch, Joel M. Howard, III, of counsel.

Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York City, Sullivan, Ward, Bone, Tyler & Asher, P.C., Southfield, Michigan, for defendant Sheet Metal & Roofing Employers Association of Southeastern New York, Inc., Thomas W. Hylands, Fred N. Knopf, Anthony A. Asher, of counsel.

Office of Jeffrey S. Dubin, Garden City, NY, for defendant Local Union 38, Jeffrey S. Dubin, of counsel.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

By Memorandum—Decision & Order dated March 24, 1999, familiarity with which is assumed, this Court granted plaintiffs' motion for a declaratory judgment and declared Article II, Section 1 of the defendants' collective bargaining agreement dated May 18, 1998 void and unenforceable.[1] Presently before the Court is plaintiffs' motion for attorney's fees pursuant to 15 U.S.C. §§ 15 and 26.

### I. Discussion

#### A. Attorney's Fees Under 15 U.S.C. § 15

Section 15 of Title 15 of the United States Code provides, in part, that:

> [A]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws

---

1. Specifically, the Court found that the challenged provision violated section 8(e) of the National Labor Relations Act, 29 U.S.C. §§ 158(b)(4), (e), and sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. See Memorandum–Decision & Order at 26, 30.

may sue therefor in any district court of the United States ... and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

■ This section makes it clear that an injury is required for an award of attorney's fees. *See United States Football League v. National Football League*, 887 F.2d 408, 411 (2d Cir.1989), *cert. denied*, 493 U.S. 1071, 110 S.Ct. 1116, 107 L.Ed.2d 1022 (1990) ("USFL"); *see also MCA Television Ltd. v. Public Interest Corp.*, 171 F.3d 1265, 1281 n. 21 (11th Cir.1999); *Blue Cross and Blue Shield United of Wisconsin v. Marshfield Clinic*, 152 F.3d 588, 595 (7th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 804, 142 L.Ed.2d 665 (1999); *Gulfstream III Assocs. Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 418 (3d Cir.1993); *Sciambra v. Graham News*, 892 F.2d 411, 415–16 (5th Cir.1990).

■ Here, plaintiffs have not demonstrated any injury to their business or property by reason of anything forbidden in the antitrust laws. Indeed, plaintiffs essentially admit that they suffered no injury when they state in their memorandum of law that "plaintiffs seek recovery of attorney fees under [15 U.S.C. § 15] based on the injury they sustained by having to retain attorneys and commence a costly action against defendants to enforce their right to freely conduct business." Pl.Mem. of Law at 3. Although plaintiffs correctly state that an award of attorney's fees is not tied to the amount of damages recovered, *see USFL*, 887 F.2d at 411, a showing of an injury is, however, required. *See id.* Moreover, legal fees are not the type of damages contemplated by the antitrust statutes. *See In re Multidistrict Vehicle Air Pollution M.D.L. No. 31*, 481 F.2d 122, 130 n. 12 (9th Cir.) ("In antitrust suits, allowance of attorneys' fees is limited to that proportion of the fee attributable to a successful suit for damages. If only equitable relief is sought or obtained, counsel fees are generally not awarded to a successful plaintiff."), *cert. denied sub nom.*,

*Morgan v. Automobile Mfrs. Ass'n, Inc.*, 414 U.S. 1045, 94 S.Ct. 551, 38 L.Ed.2d 336 (1973); *Kane v. Martin Paint Stores, Inc.*, 439 F.Supp. 1054, 1057 (S.D.N.Y.1977), *aff'd*, 578 F.2d 1368 (2d Cir.1978) ("In calculating an award under Section 4 of the Clayton Act, only work devoted to the successful recovery of treble damages may be compensated."); *Trans World Airlines, Inc. v. Hughes*, 312 F.Supp. 478, 482 (S.D.N.Y.1970). Because plaintiffs did not successfully obtain an award of damages pursuant to 15 U.S.C. § 15, they are not entitled to an award of attorney's fees under that same section.

**B. Attorney's Fees Under 15 U.S.C. § 26**

■ Plaintiffs next seek attorney's fees pursuant to 15 U.S.C. § 26. Specifically, 15 U.S.C. § 26 provides that if a plaintiff substantially prevails in obtaining injunctive relief for threatened violations of the antitrust laws, then "the court shall award the cost of suit, including a reasonable attorney fee, to such plaintiff." Although this Court did not explicitly grant plaintiffs the requested injunctive relief because the Court declared the challenged provisions of the collective bargaining agreement to be void and unenforceable, plaintiffs substantially prevailed in their action seeking injunctive relief. *See City of Chanute, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1041, 1047 (10th Cir.1994) ("[A] party may be awarded attorneys' fees where it has received 'at least some relief on the merits of [its] claim' by judicial determination.") (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)), *cert. denied*, 513 U.S. 1191, 115 S.Ct. 1254, 131 L.Ed.2d 135 (1995); *Royal Crown Cola Co. v. Coca–Cola Co.*, 887 F.2d 1480, 1485 (11th Cir.1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990). The granting of the declaratory judgment declaring the relevant provision of the collective bargaining agreement to be void and unenforceable had the same

practical effect of restoring competition in the marketplace by permanently enjoining defendants from enforcing that provision.

## C. Determining Reasonable Attorney's Fees

■■ The Court must now determine what amount of fees is reasonable under the circumstances of this case. "The process of determining a reasonable fee ordinarily begins with the court's calculation of a so-called 'lodestar' figure, which is arrived at by multiplying 'the number of hours reasonably expended on the litigation ... by a reasonable hourly rate.' " *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763–64 (2d Cir.1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)); *see also USFL*, 887 F.2d at 413. The lodestar figure is to be based upon current, prevailing market rates. *See LeBlanc–Sternberg*, 143 F.3d at 764. The amount figured into the lodestar includes "the number of hours claimed by plaintiffs' attorneys that are supported by time records, that are not excessive or duplicative, and that do not reflect work done only in connection with unrelated claims on which plaintiffs did not succeed." *Id.* There is a strong presumption that this lodestar figure represents a reasonable fee. *See id.; see also USFL*, 887 F.2d at 413.

Once the lodestar figure has been calculated, the Court may adjust the lodestar, taking into consideration several factors. *See Hensley*, 461 U.S. at 434 n. 9, 103 S.Ct. 1933 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–18 (5th Cir.1974)). "[I]f the court excludes claimed hours from the calculation of the lodestar figure or augments or reduces that figure it must state its reasons for doing so as specifically as possible." *LeBlanc–Sternberg*, 143 F.3d at 764 (internal quotations and citations omitted).

■ Courts are empowered with broad discretion to independently determine the reasonableness of an award for attorney's fees. *See Jones v. Amalgamated Warbasse Houses, Inc.*, 721 F.2d 881, 884 (2d Cir.1983), *cert. denied*, 466 U.S. 944, 104 S.Ct. 1929, 80 L.Ed.2d 474 (1984); *McCann v. Coughlin*, 698 F.2d 112, 131 (2d Cir.1983) ("[W]hen a party seeks an award of attorney fees ... he must provide the court with contemporaneous time sheets or other documentation which will enable it to make an *independent* evaluation of the fee request.") (emphasis added). Thus, this Court will make an independent assessment of the reasonableness of the hourly rates and the number of hours billed by plaintiffs' counsel.

### 1. Reasonable Rates

Plaintiffs seek attorney's fees of $70,211.75 for a total of 486.15 hours, representing 123.9 hours of partner time, 244.5 hours of experienced associate time, and 117.75 hours of paralegal time.[2] In their computations, plaintiffs use hourly rates ranging up to $225.00 per hour for partners, $150.00 for experienced associates, and $65.00 for paralegals.

■ As this Court recently discussed in *TM Park Ave. Assocs. v. Pataki*, 44 F.Supp.2d 158, 167 (1999), the applicable hourly rate depends on an attorney's professional experience. Thus, as a general rule, attorneys with significant experience and numerous years of practice are entitled to reimbursement at the hourly rate of $175.00; attorneys with four or more years of experience at the hourly rate of $125.00; and newly-admitted attorneys at the rate of $100.00 per hour. *See TM Park Ave. Assocs.*, 44 F.Supp.2d at 167; *Carroll v. DeBuono*, 48 F.Supp.2d 191, 193–95 (N.D.N.Y.1999). Although *TM Park* awarded paralegal time at $50.00 per hour based on the fact that plaintiff failed to substantiate that a higher rate was ap-

---

**2.** The Court notes that attorney Barriere was an experienced associate prior to January 1,

1999, at which time he became a partner.

propriate, see *TM Park Ave. Assocs.*, 44 F.Supp.2d at 167, this Court finds that $65.00 per hour is the prevailing rate for paralegal work in this district. Accordingly, the Court will apply these rates in calculating plaintiffs' award of attorney's fees.

### 2. Reasonable Hours

Defendants claim, with little specificity, that the total number of hours billed by plaintiffs' attorneys is excessive. While defendants *generally* challenge the time incurred by plaintiffs' counsel with respect to legal research and drafting the Complaint and moving papers, the Court will nonetheless independently review the reasonableness of plaintiffs' counsel's time records.

■ In the area of legal research, the Court estimates that plaintiffs' counsel expended approximately 120 hours for legal research. Based upon the existing precedent in the areas of labor and antitrust law at issue in the case, and plaintiffs' counsel's considerable expertise in these areas, the Court finds that 120 hours of research is excessive and that a reduction of hours billed for research by 20%, or 24 hours, is warranted. This reduction should be spread equally between the total partner and associate time. The Court finds, however, that the remaining time incurred by counsel, including, but not limited to drafting the Complaint and moving papers, is reasonable under the circumstances. Accordingly, total partner hours are reduced to 111.9 hours, and total associate hours are reduced to 232.5 hours.

### 3. Lodestar Calculation

Applying the prevailing hourly rates for this district and adjusting for total billable hours as discussed above, the lodestar calculation is as follows:

| | | |
|---|---|---|
| Partners: | 111.9 hours * $175.00/hour = | $19,582.50 |
| Experienced Associates: | 232.5 hours * $125.00/hour = | $29,062.50 |
| Paralegals: | 117.75 hours * $65.00/hour = | $ 7,653.75 |
| Total Lodestar Amount: | | $56,298.75 |

## II. Conclusion

In summary, the Court awards plaintiffs attorney's fees in the amount of $56,298.75 against defendants Local Union 38 of the Sheet Metal Workers International Association and Sheet Metal & Roofing Employers Association of Southeastern New York, Inc.

**IT IS SO ORDERED**