**The People of the State of NEW YORK by Dennis C. VACCO, the Attorney General of the State of New York; Helen Hudson; Novella Moore; Dorothy Hudson; and Sandra Corriders, Plaintiffs,**

v.

**RAC HOLDING, INC., d/b/a Americar Rental System, et al., Defendants.**

**No. 97CV1004LEKDRH.**

United States District Court, N.D. New York.

March 21, 2001.

---

## *DECISION AND ORDER*

KAHN, District Judge.

Presently before the Court is Defendants' motion for reconsideration. For the following reasons, Defendants' motion for reconsideration is GRANTED.

### I. BACKGROUND

The Attorney General of the State of New York filed the instant class action lawsuit on July 15, 1997. The case was brought following an investigation into Defendants' rental practices. The complaint alleges that Defendants engaged in a pattern and practice of discrimination based on race, national origin, age, and disability in the use and enjoyment of their public accommodations in violation of a variety of civil rights statutes. Plaintiffs Helena Hudson, Novella Moore, Dorothy Hudson, and Sandra Corriders ("Intervenors") filed

unopposed motions to intervene, which were granted on March 30, 1998, and subsequently filed complaints.

Pursuant to a consent order dated May 24, 1999, Defendants agreed to pay $1,000.00 to each individual who had filed a consumer complaint with the Attorney General along with an additional $3,000.00 to each of the intervening plaintiffs. Thereafter, Ronald VanNorstrand, Esq., attorney for plaintiff Sandra Corriders, and Faith Seidenberg, Esq., attorney for plaintiffs Helen Hudson, Novella Moore, and Dorothy Hudson, sought attorneys' fees of $16,430.00 and $25,576.22, respectively, pursuant to 42 U.S.C. § 1988.

By an Order dated May 16, 2000, this Court denied Plaintiffs' motions for attorneys' fees, finding that the time records submitted in support of the motions were too vague and contradictory for the Court to determine the reasonableness of the claimed hours. Plaintiffs now seek a reconsideration of that Order.

## II. ANALYSIS

### A. *Standard for Reconsideration*

■ Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g), unless otherwise governed by Fed.R.Civ.P. 60. The "clearly erroneous" standard of review applies to motions for reconsideration. The moving party must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995).

■ Generally, the prevailing rule in the Northern District "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C–TC 9th Ave. P'ship,* 182 B.R. 1, 3 (N.D.N.Y.1995). Defendants' motion rests on the third ground, the need to correct a clear error of law or prevent manifest injustice. Although this Court enjoys broad discretion when making a determination to reconsider on this ground, *Von Ritter v. Heald,* 876 F.Supp. 18, 19 (N.D.N.Y.1995), it will not disregard the law of the prior case unless "the Court has a 'clear conviction of error' with respect to a point of law on which its previous decision was predicated." *Fogel v. Chestnutt,* 668 F.2d 100, 109 (2d Cir.1981).

### B. *Attorneys' Fees Pursuant to Section 1988*

The Civil Rights Attorney's Fees Awards Act of 1976 provides, in relevant part:

> In any action or proceeding to enforce a provision of sections 1981 ... [and] 1982 ... of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988(b). The Supreme Court has stated that "[t]he purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances" and that, therefore, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Blanchard v. Bergeron,* 489 U.S. 87, 93, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); *New York State Nat'l Org. for Women v. Terry,* 159 F.3d 86, 97 (1998); *DiFilippo v. Morizio,* 759 F.2d 231, 234 (2d Cir.1985).

In determining whether a civil rights plaintiff is entitled to attorneys' fees, courts must determine (1) whether the plaintiff is the prevailing party and (2) whether the fees requested are reasonable. *See Pino v. Locascio,* 101 F.3d 235, 237 (2d Cir.1996) (citing *Farrar v. Hobby,* 506 U.S. 103, 109, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933). Plaintiffs are considered prevailing parties if they receive actual relief on the merits of their claim. *See Gierlinger v. Gleason,* 160 F.3d 858, 880 (2d Cir.1998) (citing *Farrar,* 506 U.S. at 111, 113 S.Ct. 566). This includes plaintiffs who obtain injunctive relief, who are entitled to "recover a fee award based on all hours reasonably expended if the relief obtained justified the expenditure of attorney time." *Hensley,* 461 U.S. at 435 n. 11, 103 S.Ct. 1933 (1983). It also includes plaintiffs who achieve a favorable consent decree or settlement. *See LaRouche v. Kezer,* 20 F.3d 68, 71 (1994) (citing *Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980)).

In order to determine what fee is reasonable, courts must calculate the "so-called 'lodestar' figure, which is arrived at by multiplying 'the number of hours reasonably expended on the litigation ... by a reasonable hourly rate.'" *LeBlanc–Sternberg,* 143 F.3d at 763–64 (quoting *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933). The number of hours expended for use in the lodestar calculation includes "the number of hours claimed by plaintiffs' attorneys that are supported by time records, that are not excessive or duplicative, and that do not reflect work done only in connection with unrelated claims upon which plaintiffs did not succeed." *Id.* at 764.

The hourly rate to be used "should be 'in line with those [rates]' prevailing in the community for similar services of lawyers of reasonably comparable skills, experience, and reputation." *Cruz v. Local Union No. 3 of the Int'l Bhd. Of Elec. Workers,* 34 F.3d 1148, 1159 (2d Cir. 1994). The reasonable hourly rates applied in this district are $175.00 for civil rights attorneys with significant experience and numerous years of practice, $125.00 for associates with a reasonable amount of experience, $100.00 for newly admitted attorneys, and $65.00 for paralegals. *See Sheet Metal Div. Of Capitol Dist. Sheet Metal, Roofing & Air Conditioning Contractors Ass'n, Inc. v. Local Union 38 of the Sheet Metal Workers Int'l Ass'n,* 63 F.Supp.2d 211, 214–15 (N.D.N.Y. 1999); *TM Park Ave. Assoc. v. Pataki,* 44 F.Supp.2d 158, 167 (N.D.N.Y.1999); .

### 1. The Court's Prior Decision

In its prior decision, the Court held that the billing records provided by Intervenors in support of their motion for attorneys' fees were too vague and inconsistent to provide the Court with an adequate basis to determine the reasonableness of the claimed hours. On that ground, the Court determined that Intervenors were not entitled to attorneys' fees.

The Second Circuit has held that an application for attorneys' fees must be supported by detailed, contemporaneous time records indicating the attorney who performed the work, "the date, the hours expended, and the nature of the work done." *New York Ass'n for Retarded Children v. Carey,* 711 F.2d 1136, 1148 (2d Cir.1983). While the fee applicant's records need not be extraordinarily detailed, they must identify the general subject matter of the claimed time expenditures. *See Hensley,* 461 U.S. at 437 n. 12, 103 S.Ct. 1933; *Tanzini v. Marine Midland Bank,* 978 F.Supp. 70, 83 (N.D.N.Y. 1997); *Kirsch v. Fleet St., Ltd.,* No. 92 Civ. 932, 1996 WL 695687, at *5 (S.D.N.Y. Dec. 4, 1996). Although Defendants did not

raise the issue, the Court held that Intervenors' billing records "omit[ted] any explanation of what work transpired" and were, therefore, impermissibly vague and failed to satisfy the *Carey* standard. A review of the submitted records reveals that this portion of the Court's decision is not subject to attack for clear error. A number of the entries in the records submitted by both counsel indicate merely that a phone call was made or a meeting attended without describing the nature of the discussions therein.[1]

However, the remedy provided by the Court to address these shortcomings, a complete disallowance of attorneys' fees, is not the appropriate one. Instead, courts in this circuit presented with vague or incomplete billing records, including the case cited by the Court in its previous decision, have consistently reduced the requested fee award by a fixed percentage. *See, e.g., Marisol A. v. Giuliani*, 111 F.Supp.2d 381, 401 (S.D.N.Y.2000) (citing cases) (15% reduction to address numerous problems with requested hours); *TM Park Ave.*, 44 F.Supp.2d at 169 (10% reduction to correct for insufficient detail in the submitted billing entries); *Mr. X v. New York State Dep't of Educ.*, 20 F.Supp.2d 561, 564 (S.D.N.Y.1998) (20% reduction to account for vague, incomplete, and duplicative time

entries) (citing *Carey*, 711 F.2d at 1146); *Tanzini*, 978 F.Supp. at 83 (10% reduction to address vague and redundant entries); *Jackson v. Cassellas*, 959 F.Supp. 164, 169 (W.D.N.Y.1997) (citing cases) (15% reduction to take account of vagueness of entries and failure to allow review of contemporaneous entries); *Wilder v. Bernstein*, 975 F.Supp. 276, 286 (S.D.N.Y.1997) (10% reduction to account for vague time entries); *Dailey v. Societe Generale*, 915 F.Supp. 1315, 1328 (S.D.N.Y.1996); *Walker v. Coughlin*, 909 F.Supp. 872, 881 (W.D.N.Y. 1995) (citing cases) (15% reduction to reflect inadequate documentation and lower rate of compensation); *Meriwether v. Coughlin*, 727 F.Supp. 823, 827 (S.D.N.Y. 1989) (15% reduction to account for vague billing entries). Therefore, it was clear error for the Court to deny Intervenors' motions for attorneys' fees in their entirety.[2]

In determining what percentage reduction is appropriate, "courts have made it clear 'that in many instances the context of vague entries is made clearer by the entries following it.'" *Pascuiti v. New York Yankees*, 108 F.Supp.2d 258, 270 (S.D.N.Y. 2000) (quoting *Meriwether*, 727 F.Supp. at 827); *see Lenihan v. City of New York*, 640 F.Supp. 822, 826 (S.D.N.Y.1986). Moreover, it has been noted that the level

---

1. Intervenors ask the Court to rely on revised billing records attached to their motions for reconsideration which provide much greater detail than the original records. However, the Court cannot rely on these records for purposes of making the lodestar calculation because they are not contemporaneous. *See Carey*, 711 F.2d at 1148. It is true that the actual contemporaneous time records need not be submitted to satisfy *Carey*. *See Cruz*, 34 F.3d at 1160–61 (finding that affidavits and copies of bills based on contemporaneous records satisfy the *Carey* standard). In this case, however, Intervenors' counsel has "particularized and added detail" to the records, thus making them no longer contemporane-

ous, unlike transcriptions of the original records.

2. In its previous decision, the Court also relied on perceived inconsistencies in the submitted billing records. For example, the Court observed that phone calls between Intervenors' counsel on May 14 and June 16, 1998 were billed by VanNorstrand but not by Seidenberg. Counsel submitted affidavits in support of Intevernors' motions for reconsideration explaining that these omissions were the result of billing discretion. This is standard practice and in no way suggests wrongdoing on the part of Intervenors' counsel. *See TM Park Ave.*, 44 F.Supp.2d at 169.

of specificity required is proportional to the amount of time charged. *See Pascuiti,* 108 F.Supp.2d at 270 ("[a]ny lingering doubt about [the reasonableness of the disputed entries] is assuaged by the fact that the vast majority of these entries are less than one hour, and many are less than half an hour") (citing *October 22nd Coalition v. Safir,* No. 98 Civ. 7333, 1999 WL 58357, at *1 (S.D.N.Y. Feb.4, 1999)).

In this case, as discussed above, a number of the billing entries submitted by Intervenors are too vague and incomplete to permit the Court to determine the nature of the tasks performed and the amount of time reasonably required to perform those tasks. However, many of the vague entries submitted by Intervenors are made clear in the context of the surrounding entries. Further, the overwhelming majority of the entries are less than twenty minutes in length. In light of these factors, rather than completely disallow Intervenors' fee requests, the Court will reduce the total award by 10%.

### 2. Intervenors' Entitlement to Attorneys' Fees

Having decided to reconsider its prior decision, the Court must now determine whether Intervenors are entitled to attorneys' fees pursuant to the two part test established by the Second Circuit.

#### a. Are They Prevailing Parties?

■ In opposition to the original motions for attorneys' fees, Defendants argued that Intervenors are not prevailing parties. As discussed above, plaintiffs are considered prevailing parties if they receive actual relief, including injunctive relief, on the merits of their claim.

■ In this case, Intervenors received $4,000.00 as well as injunctive relief halting Defendants' alleged discriminatory practices. However, as Defendants contend,

"[a]wards to intervenors should not be granted unless the intervenor plays a significant role in the litigation." *Wilder v. Bernstein,* 965 F.2d 1196, 1204 (2d Cir. 1992). Specifically, the court held that

Intervenors may act effectively as private attorneys general in vindicating abuses of civil rights, and where they have "contributed importantly to the creation of remedies," we and other courts have held that they are entitled to an award of attorneys' fees.

*Id.* at 1204. (quoting *United States v. Board of Educ. Of Waterbury,* 605 F.2d 573, 576 (2d Cir.1979)).

Here, along with obtaining $3,000.00 for each of their clients in addition to the $1,000.00 paid to each of the class members, Intervenors' counsel allege that they contributed significantly to the terms proposed in the settlement offers and eventually incorporated into the final settlement agreement. They point out that several features they proposed were incorporated into the final agreement, including the educational training program, the anti-discrimination policy, and the mechanism for verifying Defendants' compliance with terms of the consent order. In light of these contributions to the final agreement, the Court finds that Intervenors played a significant role in the litigation. Therefore, they are entitled to a reasonable award of attorneys' fees.

#### b. Are the Fees Requested Reasonable?

Apart from the Court's concern with the vague and incomplete billing entries submitted by Plaintiffs, Defendants make no objection to the reasonableness of Intervenors' fee request. A thorough review of the billing records reveals that the relatively small amount of time claimed by both counsel is eminently reasonable under the circumstances. Therefore, it is the

Court's determination that Intervenors are entitled to an award of attorneys' fees based on the hours submitted in their original motions.[3]

#### c. The Lodestar Calculation

Taking into account the reduction due to vague and incomplete entries and applying the hourly rates discussed above, Intervenors are entitled to the following fee awards.

#### i. Ronald VanNorstrand

Plaintiff Sandra Corriders is entitled an award of attorneys' fees as follows:

| VanNorstrand: | 110.9 hours @ $175/hour | = | $ 19,407.50 |
|---|---|---|---|
| Travel: | 4.6 hours @ $87.5/hour | = | $ 402.50 |
| Total: | | | $ 19,810.00 |
| 10% reduction: | | − | $ 1,981.00 |
| Total Lodestar Amount: | | | $ 17,829.00 |

#### ii. Seidenburg & Strunk

 In addition to attorneys' fees, Seidenburg & Strunk seek reimbursement for out-of-pocket expenses in the amount of $69.22. It is well-settled that " 'attorneys' fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.' " *LeBlanc–Sternberg*, 143 F.3d at 763 (quoting *United States Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir.1989)). In *LeBlanc–Sternberg*, the Second Circuit noted a non-exhaustive list of expenses that are recoverable, including photocopying, travel, telephone costs, and postage. *See id.* (citing cases). However, because many of the expense requests are related to the impermissibly vague billing entries discussed above, the Court also reduces Intervenors' requested expenses award by 10%. Accordingly, the Court finds that plaintiffs Helen Hudson, Novella Moore, and Dorothy Hudson are entitled to an award for attorneys' fees as follows:

| Seidenberg: | 31.1 hours @ $175/hour | = | $ 5,442.50 |
|---|---|---|---|
| Travel: | 4 hours @ $87.5/hour | = | $ 350.00 |
| Strunk: | 3.1 hours @ $175/hour | = | $ 542.50 |
| Clark: | 112.3 hours @ $125/hour | = | $ 14,037.50 |
| Expenses: | | | $ 69.22 |
| Total: | | | $ 20,441.72 |
| 10% reduction: | | − | $ 2,044.17 |
| Total Lodestar Amount: | | | $ 18,397.55 |

### IV. CONCLUSION

Accordingly, it is hereby

ORDERED that Defendants' motions for reconsideration are GRANTED;

ORDERED that Defendants' motions for attorney's fees are GRANTED;

ORDERED that plaintiff Sandra Corriders is AWARDED attorneys' fees in the amount of $17,829.00;

ORDERED that plaintiffs Helen Hudson, Novella Moore, and Dorothy Hudson

**3.** Although, as discussed above, the Court cannot rely on the reconstructed billing records attached to Intervenors' motions for reconsideration, the Court will increase the hours originally requested by Intervenors to reflect the additional time spent on this motion for reconsideration seeking an award of attorneys' fees.

are AWARDED attorneys' fees in the amount of $18,334.55; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.