Heinrich R. VON RITTER, Individually and as Custodial trustee for Wayne David Ritter, under the Uniform Gift to Minor's Act, Plaintiff,

v.

Thomas HEALD, Individually and as Deputy Sheriff of Columbia County Sheriff's Department and Lenny Race, Defendants.

No. 91–CV–612.

United States District Court, N.D. New York.

Feb. 13, 1995.

Maynard, O'Connor Law Firm, Albany, NY (Brendan F. Baynes, of counsel), for plaintiff.

Carter, Conboy Law Firm, Albany, NY (James A. Resila, of counsel), for defendant Thomas Heald.

**MEMORANDUM-DECISION AND ORDER**

McAVOY, Chief Judge.

Presently before the Court is defendant Thomas Heald's (hereinafter "defendant") motion for reconsideration made pursuant to Fed.R.Civ.P. 60 of this Court's November 11, 1994 Order, which had denied his motion for summary judgment against plaintiff Heinrich Von Ritter (hereinafter "plaintiff").

**I.**

The factual background for this case was discussed in this Court's prior Memoran-

dum–Decision & Order filed on March 15, 1993. Briefly, plaintiff alleges that defendant had conspired with others to plant a handgun in his trailer. It is alleged that defendant planted the handgun on or about August 7, 1987 but, plaintiff was not informed of defendant's identity until February of 1991. That is when Lori Lentz conveyed to the plaintiff her knowledge of the incident in question. It is alleged that as a result of defendant's action, plaintiff was convicted and sentenced for criminal possession of a weapon.

On October 3, 1994, defendant filed a motion for summary judgment contending that plaintiff's claims are barred by the statute of limitations, and further, that plaintiff had failed to establish the required elements to a malicious prosecution claim. In an Order dated November 11, 1994 and filed on November 14, 1994, this Court denied the said motion.

The Court determined that, as to any causes of action based on the implanting of the gun, there was a material issue of fact as to the actual accrual date of the action since plaintiff alleged that he did not gain knowledge of the identity of the gun planter until 1991. Therefore, summary judgment was denied as to that ground. Moreover, the Court granted plaintiff leave to amend his pleading to specify which constitutional rights he was relying on as a basis for his § 1983 claim. This leave was granted because, although plaintiff assumed that plaintiff's claim was for malicious prosecution, the Court was not so certain.

## II.

Now, in his motion for reconsideration, defendant contends that this Court was in error when it denied his motion for summary judgment. It is contended that this error occurred as a result of this Court's failure to take into consideration a recently decided Supreme Court case of *Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

█ It is now firmly established that, under Fed.R.Civ.P. 60(b), it is within the court's broad discretion to grant the relief of recon-

sideration. *United States v. $16,162 In U.S. Currency,* 1994 WL 263419, 1994 U.S.Dist. LEXIS 7848, at *2 (S.D.N.Y. June 10, 1994); *see also Lussier v. Dugger,* 904 F.2d 661, 667 (11th Cir.1990); *O'Grady v. Secretary of the U.S. Dep't. of Health and Human Servs.,* 661 F.Supp. 1030, 1034 (E.D.N.Y.1987). A court is justified in exercising this discretion if: (1) there is an intervening change in the controlling. law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice. *Larsen v. Ortega,* 816 F.Supp. 97, 114 (D.Conn.1992); *Bass v. Prudential Ins. Co.,* 1991 WL 183561, 1991 U.S. Dist. LEXIS 12897 at *2 (D.Kan. August 19, 1991) (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986)).

█ It appears that defendant's instant motion for reconsideration relies on the third prong of this test in that the motion asserts the need to correct a clear error of law. Such a contention is without merit.

Defendant is directed to this Court's Memorandum–Decision & Order of November 11, 1994. If read carefully, it should become plain that the motion for summary judgment was denied not because there were material issues of fact as to plaintiff's "malicious prosecution" claim, but, rather, because there were material issues of fact as to the actual accrual date of plaintiff's claim(s) arising out of the alleged planting of the gun. The Court specifically opined that it was unclear as to the basis of plaintiff's § 1983 claim and therefore, gave him leave to amend his complaint to more clearly state the Constitutional source for his alleged deprivation. It must be noted that at no time did the November 11, 1994 decision address plaintiff's claim for malicious prosecution. The reason for failing to address such a claim was because, as stated earlier, it simply was unclear as to whether plaintiff was in fact making a malicious prosecution claim or whether he was alleging some other constitutional grievance(s).

From this brief statement of the Court's prior Order, it must be plain why the *Heck* case was never discussed. In case it is still

**20**

unclear, it was never discussed because of the uncertainty of plaintiff's claims. Since the *Heck* case only deals with claims related to a conviction or sentence in a criminal proceeding, it was imperative that the Court first flesh out the causes of action which plaintiff was asserting. If at that point, it was found that plaintiff was indeed basing his § 1983 claim on an alleged unconstitutional conviction or sentence, then and only then, would *Heck* be relevant to the Court's inquiry. Accordingly, it would have been premature for this Court to consider *Heck* when deciding defendant's initial motion for summary judgment.

Now that the plaintiff's claims have been fleshed out, it appears that plaintiff acknowledges the futility of attempting to bring forth a malicious prosecution claim. What the plaintiff does allege, however, is a violation of his substantive due process rights which have absolutely no connection with his unlawful possession of a firearm conviction. Therefore, *Heck* still has no relevance to the Court's inquiry.

It must be reminded that, of course, since plaintiff has now clarified his claims, the defendant is free to, again, move for summary judgment for dismissal of the pending claims.

### III.

For the stated reasons, defendant's motion for reconsideration pursuant to Fed.R.Civ.P. 60 and Local Rule 7.1(g) is denied in its entirety.

**IT IS SO ORDERED.**