In re C–TC 9th AVENUE PARTNERSHIP, Debtor.

C–TC 9th AVENUE PARTNERSHIP, Plaintiff,

v.

NORTON COMPANY, Defendant.

NORTON COMPANY, Plaintiff,

v.

C–TC 9th AVENUE PARTNERSHIP, a General Partnership, Richard A. Cabral, Individually and as a Partner of C–TC 9th Avenue Partnership, and Donald W. Stone, Sr., Individually, Defendants.

NORTON COMPANY, Plaintiff,

v.

C–TC 9TH AVENUE PARTNERSHIP, a General Partnership, Richard A. Cabral, Individually and as a Partner of C–TC 9th Avenue Partnership, Timmons Corporation, Individually and as a Partner of C–TC 9th Avenue Partnership, Manpac, Inc., G.F. Glass Products, Inc., Albany Cogeneration Associates, and Inventory Management Control, Inc., Defendants.

Misc. Nos. 3278, 3279 and 3280.
Adv. Nos. 94–91113, 94–91114.

United States District Court,
N.D. New York.

April 29, 1995.

Certilman, Balin Law Firm (Michael D. Brofman, of counsel), East Meadow, NY, for C–TC 9th Ave. Partnership.

DeGraff, Foy Law Firm (Robert Rock, of counsel), Albany, NY, for Norton Co.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

The present case comes before the Court on Norton Company's motion for reconsideration of this Court's Memorandum–Decision & Order dated February 13, 1995, 177 B.R. 760. The motion is being made pursuant to Fed.R.Civ.P. 60, Fed.R.Bankr.P. 9024, and Local Rule 7.1(g).

### I.

On June 6, 1988, Norton Company (hereinafter "Norton") and C–TC 9th Avenue Partnership (hereinafter "debtor") entered into a Real Estate Purchase Agreement. Under this agreement, Norton agreed to sell and debtor agreed to purchase a certain real property situated in the City of Watervliet and the Town of Colonie, New York (hereinafter "Property"). The conveyance of the Property closed on June 30, 1988 and the debtor gave Norton a short term note in the amount of $879,902.20 due on July 19, 1988 and a long term note in the amount of $2,850,000.00. The debtor also gave Norton a mortgage against the Property in order to secure repayment of that indebtedness.

The debtor, for reasons that are not relevant to the instant inquiry, failed to make any of the payments required by the short and long term notes, and therefore, in November of 1988, Norton commenced an action on the short term note and a mortgage foreclosure action in New York State Supreme Court, Albany County. That litigation proceeded until the Appellate Division, Third Department, issued its decision directing that Norton be allowed to conclude the foreclosure of its mortgage lien and severed the counterclaims of the debtor and Norton's action on the short term note.

On May 9, 1994, the debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* Shortly thereafter, the debtor commenced the first of the two adversary proceedings captioned above, alleging seventeen new claims against Norton and removed the existing state court action to the Bankruptcy Court. Norton then moved for dismissal of the Chapter 11 case and also for alternative relief including relief from the automatic stay so as to permit Norton to conclude its foreclosure action. Bankruptcy Judge Stosberg has not ruled on Norton's pending motion but has determined that the motion and the two adversary proceedings should be tried together.

Norton then moved in this Court seeking withdrawal of the reference to the Bankruptcy Judge of the Chapter 11 case and the two adversary proceedings pursuant to 28 U.S.C. § 157(d); abstention pursuant to 28 U.S.C. § 1334(c)(1) and (2); and remand of adversary proceeding no. 94–91114 to the New York State Supreme Court pursuant to 28 U.S.C. § 1452(b).

By a Memorandum–Decision & Order dated February 13, 1995, 177 B.R. 760, the undersigned denied Norton's motion for mandatory withdrawal of reference to the bankruptcy court. Norton's remaining motions for discretionary withdrawal, mandatory and discretionary abstention, and remand to the state court were also denied. Norton, however, was given leave to renew the said motions after the bankruptcy judge, in the first instance, decides the issue of whether adversary proceeding nos. 94–91113 and 94–91114 are core or non-core proceedings. As soon as practicable after the bankruptcy judge issues a final determination on the said issue, the burden was placed on Norton to re-notice these motions to be heard by this Court on a regularly scheduled motion date.

Norton now moves for reconsideration of the February 13th Order. On its motion, Norton argues that the Court should dismiss the debtor's Chapter 11 proceedings since the debtor is not eligible for reorganization under the Bankruptcy Code. Moreover, Norton argues that contrary to this Court's February 13th Order, this case is one which requires mandatory withdrawal of reference to the Bankruptcy Court.

### II.

In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements. The court's rulings under such motions are "committed to the sound discretion of the district judge and will

not be overturned on appeal absent an abuse of discretion." *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983). Generally, the court recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Wilson v. Consolidated Rail Corp.*, 815 F.Supp. 585, 586 (N.D.N.Y.1993) (citing in turn *McLaughlin v. New York*, 784 F.Supp. 961, 965 (N.D.N.Y. 1992)). With respect to the second ground, the court in *Natural Resources Defense Council, Inc. v. United States Environmental Protection Agency*, 705 F.Supp. 698 (D.D.C.), *vacated on other grounds*, 707 F.Supp. 3 (D.D.C.1989) warned that motions for reconsideration are not "vehicles for bringing before the court theories or arguments that were not advanced earlier. Nor may the motion present evidence which was available but not offered at the original [motion]." *Id.* at 701–02. Similarly, with respect to the third ground, the Second Circuit in *Fogel v. Chestnutt*, 668 F.2d 100 (2d Cir. 1981), added that "[i]t is not enough, ..., that the [moving party] now make a more persuasive argument.... The law of the case will be disregarded only when the court has 'a clear conviction of error' with respect to a point of law on which its previous decision was predicated." *Id.* at 109 (citing *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir.1964)).

Although Norton has failed to specify the ground(s) upon which it brings the present motion, it is clear that the first two grounds for reconsideration are inapplicable to the matter at hand; there were no intervening changes in the law, nor was there new evidence not previously available. That leaves us with only the third ground; Norton must demonstrate a need to correct a clear error of law or prevent manifest injustice. This, Norton has failed to do.

■ Turning first to Norton's mandatory withdrawal argument, the Court notes that Norton's instant motion does no more than reargue its initial motion with the addition of a few more cites. Norton has failed to ad-vance an argument which would signal the Court that its prior decision was clearly erroneous or would result in manifest injustice. Motions for reconsideration are not vehicles in which a party may get two bites at the apple, and any litigant considering bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss.1990). Since Norton does no more than simply disagree with the Court's prior decision, the present motion for reconsideration on the issue of mandatory withdrawal is denied.

■ As for Norton's motion seeking reconsideration of the Court's denial of its motion to dismiss debtor's Chapter 11 proceeding, such motion is also denied. Motions made on matters properly before the Bankruptcy Court must be dealt with by that court unless and until reference to that court has been withdrawn mandatorily or discretionarily pursuant to 28 U.S.C. § 157(d). *See* 28 U.S.C. §§ 157–158. Since reference to the Bankruptcy Court has not yet been withdrawn in the instant case, *see* Memorandum–Decision & Order dated February 13, 1995, 177 B.R. 760, Norton's motion to dismiss the Chapter 11 proceeding is premature.

### III.

For the stated reasons, Norton's motion for reconsideration is denied in its entirety.

**IT IS SO ORDERED.**