**UNITED STATES of America**

**v.**

**Alberto BOCIO, a/k/a Alberto Bocio Ramirez; Julie Ellsworth Pipino; Thomas Adams; Theresa Panza; Linda Skaadra; Michael Wagner; Donald Jacques; Kim Dahl; Leanne Vincent; Gabriel Almanzar, a/k/a JB; Christian Medina; Carla D. Ellis; Pedro Gratene, a/k/a Jose M. Geraldinos, a/k/a Wilfredo Gratiri, a/k/a Larry, Defendants.**

**No. 99–CR–109(LEK).**

United States District Court, N.D. New York.

March 4, 2000.

**532**

Daniel J. French, United States Attorney, James T. Foley, Barbara D. Cottrell, Assistant U.S. Attorney, Northern District of New York, Albany, NY, for U.S.

O'Connell and Aronowitz, P.C., Albany, NY, Stephen R. Coffey, of counsel, for Defendant Carla D. Ellis.

## DECISION AND ORDER

KAHN, District Judge.

In this criminal action, Defendant Carla D. Ellis is under indictment by the federal grand jury of the Northern District of New York, charged with, on or about 1 January 1995, conspiring with other Defendants to distribute cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846; with using, on or about 23 and 29 December 1998, a telephone to commit the felony of distribution of cocaine and crack cocaine, in violation of 21 U.S.C.

§§ 841(a)(1), 843(b); and with possessing cocaine, on or about 23 December 1998, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). (*See* Third Superseding Indictment at 1–4 (Doc. 66, 20 May 1999).)

Presently before the Court is Defendant Ellis's omnibus motion (Mot. Pursuant to Fed.R.Crim.P. 7, 12, 14 and 16 ("Mot.") (Doc. 125, 6 Jan. 2000)), seeking relief as follows:

1. For dismissal of the indictment pursuant to 18 U.S.C. § 3161(b);

2. For inspection of the Grand Jury minutes pursuant to Fed.R.Crim.P. 6(e), or, in the alternative, for the Court to inspect the minutes *in camera;*

3. For an extension of time pursuant to Fed.R.Crim.P. 45(b) for Defendant to move for dismissal of the indictment based upon information or evidence heretofore unknown, or a hearing to determine whether there is sufficient evidence apart from hearsay to support the charge of conspiracy;

4. For a hearing pursuant to Fed.R.Crim.P. 41(f) and 12(b) to determine whether the Government's proof at trial will be sufficient, independent of hearsay, to establish the allegations of conspiracy and involvement by Defendant Ellis;

5. For a bill of particulars pursuant to Fed.R.Crim.P. 7(f);

6. For discovery pursuant to Fed.R.Crim.P. 16 as yet not provided by Government;

7. For an integrity/audibility hearing regarding certain audiotapes;

8. For an order directing Government to provide all *Brady*[1] material, and "encouraging" Government to provide all *Jencks* material pursuant to 18 U.S.C. § 3500 and Fed.R.Crim.P. 26.2;

9. For suppression of evidence pursuant to Fed.R.Crim.P. 41(f) and 12, or, in

1. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

the alternative, for a suppression hearing to determine the admissibility of certain evidence;

10. For exclusion at trial pursuant to Fed.R.Evid. 404(b) of any evidence of Defendant Ellis's other "prior crimes, wrongs or acts," if any;

11. For Defendant Ellis to be tried separately from remaining Defendants, pursuant to Fed.R.Crim.P. 14; and

12. For leave to make such motions in the future as may become necessary.

The motion's requests for relief are discussed seriatim.

I. *DISCUSSION*

1. *Request for dismissal of the indictment.* Defendant Ellis's notice of motion (Doc. 125) asserted that she would seek an order pursuant to 18 U.S.C. § 3161(b) and the Fifth Amendment of the Constitution dismissing the indictment against her, because more than thirty days had passed between her arrest and the indictment. (*See* Mot. at 3–4.) She did not, however, make an argument in support of that position in her Memorandum of Law. (*See* Mem. Law Supp. Pretrial Mot. of Carla Ellis ("Def.'s Mem.") (Doc. 126, 6 Jan. 2000).) While the docket report indicates that the grand jury indicted Defendant Ellis on 20 May 1999 (Doc. 66), the Court's review of the report, and the submissions in this motion, has not discerned the date of her arrest. The Court will therefore DENY this request.

■ 2. *Request for inspection of Grand Jury minutes or inspection by Court in camera.* An indictment secured solely by hearsay evidence does not violate the Fifth Amendment, and is wholly consistent with the history of the institution of the grand jury, extending back to its roots in English law, whence it was transplanted to the American colonies. *See Costello v. United States,* 350 U.S. 359, 361–64, 76 S.Ct. 406, 100 L.Ed. 397 (1956) (Black, J.); *see also United States v. Torres,* 901 F.2d 205, 233 (2d Cir.1990). Defendant correct-

ly asserts that an indictment may be invalid "when the prosecutor misleads the grand jury into thinking it is getting firsthand testimony when it really is receiving hearsay, or where there is a high probability that if eyewitness rather than hearsay testimony had been used, the defendant would not have been indicted." *Torres,* 901 F.2d at 233 (citation omitted). There is no evidence before the Court, however, that either of these situations actually prevails in this case. Defendant's memorandum of law is wholly speculative on the subject of whether the Assistant United States Attorney may have misled the grand jury. (*See* Def.'s Mem. at 3–5.) Without specific, credible reasons to doubt the integrity of the prosecutor's conduct, the Court will not permit Defendant to review the grand jury minutes, nor take it upon itself to do so. "A review of grand jury minutes should not be permitted without concrete allegations of Government misconduct." *United States v. Leung,* 40 F.3d 577, 582 (2d Cir.1994) (Newman, C.J.). The Court will DENY Defendant's request for disclosure or *in camera* review.

3. *Request for extension of time to move for dismissal or a hearing.* Because the Court will not permit Defendant to review the grand jury minutes, this request is moot, and is DENIED as such.

■ 4. *Request for hearing on whether proof is sufficient to establish the allegations.* Such a hearing would be inappropriate for reasons related to those by virtue of which our courts do not ordinarily entertain challenges to grand jury indictments solely because they may be based on hearsay evidence alone.

If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to

determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment.

*Costello,* 350 U.S. at 363, 76 S.Ct. 406. In the absence of strongly compelling reasons to doubt the integrity of the process before the indicting grand jury, this Court will not venture down a road of duplicative proceedings. This request is DENIED.

■ 5. *Request for a bill of particulars.*

A bill of particulars is required "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." ....

Furthermore, a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means.

[If] the government ha[s] provided [Defendant] with details that allow[ ][her] to differentiate the charges sufficiently and, therefore, present [her] defense adequately, [it] render[s] a bill of particulars unnecessary.

*United States v. Walsh,* 194 F.3d 37, 47 (2d Cir.1999) (citations omitted). Defendant has not established that the Government's indictment and evidence provided by way of discovery have been unsatisfactory in informing her of the charges against her, nor that they have failed to allow her to differentiate the charges against her, and thus to prepare her defense adequately. The Court will DENY Defendant's request for a bill of particulars.

6. *Request for discovery as yet not provided by Government.* Defendant does not allege that Government has improperly withheld information or evidence it is obliged to provide in discovery under Fed. R.Crim.P. 16. The Government acknowledges its continuing duty to disclose such materials. (Gov't's Resp. to Def.'s Pretrial Mots. & Mem. Law Supp. Thereof("Gov't.'s Resp. Mem.") at 4 (Doc. 128, 4

Feb. 2000).) A Court order for the Government to comply with an obligation that it is already complying with would be inappropriate. Accordingly, the Court DENIES the request to the extent that it seeks an order anticipating hypothetical noncompliance—"to ensure that the Government complies with" the requirements of the federal rules.

Defendant has made a specific request that Government should furnish co-conspirator statements that are admissible as non-hearsay under Fed.R.Evid. 801(d)(2)(E). Defendant seems to have overstated the scope of the rule in asserting that "such statements can and will be attributed to her under the Rules of Evidence as if she had made them herself." (Def.'s Mem. at 10.) Nonetheless, pursuant to the Rule, a statement will be admissible in evidence if it is offered against her and is "a statement by a coconspirator [with her] during the course and in furtherance of the [purported] conspiracy." Fed.R.Evid. 801(d)(2)(E). The Government has raised no objection to this request. Therefore, the Court will GRANT the request, insofar as it covers statements made by Defendant Ellis's coconspirators "during the course and in furtherance of the conspiracy" that are against Defendant Ellis, or subject to being offered in evidence against her; the Government "must disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements ..., or copies thereof, within the possession, custody, or control of the government" (Fed. R.Crim.P. 16(a)(1)(A)).

7. *Request for integrity/audibility hearing regarding certain audiotapes.* The Government states that it has no objection to such a hearing, but opines that Defendant will conclude after reviewing the relevant materials that one is not required. The Court infers from this that the Government recognizes its obligation to provide Defendant access to these materials pursuant to Fed.R.Crim.P.

16(a)(1)(C). Thus, at this point an order by the Court would appear superfluous. The Court therefore DENIES Defendant's motion, with LEAVE TO RENEW should a hearing subsequently appear necessary.

8. *Request for order directing Government to provide all Brady material, and "encouraging" Government to provide all Jencks material.* The Government acknowledges its continuing duty to disclose *Brady* and *Jencks* materials. (Gov't's Resp. Mem. at 5.) The Defendant does not set forth any allegation or evidence that the Government is failing to comply with this duty. A Court order for the Government to comply with an obligation that it is already complying with would be inappropriate. Accordingly, the Court DENIES the request that it order the Government to comply with *Brady* requirements, with LEAVE TO RENEW should it prove necessary in the future, and declines to issue a superfluous encouragement to the Government regarding *Jencks* material.

9. *Request for suppression of evidence or a hearing to determine the admissibility of certain evidence.* Defendant has not made this request with sufficient specificity for the Court to determine its merits, if any; the Court will DENY the request, with LEAVE TO RENEW if properly particular assertions may be made at that time.

10. *Request for exclusion at trial Rule 404(b) evidence of Defendant's other prior "crimes, wrongs or acts," if any.* Determining the relevance of proposed evidence under Rule 404(b) is best done at trial. Furthermore, the Government disavows any intent to introduce such evidence in its direct case. As the time is not ripe for consideration of this issue, the Court DENIES the request to prohibit 404(b) use, with LEAVE TO RENEW at trial. In discovery materials and its memorandum in opposition to Defendant's motion, the Government has submitted materials sufficient to satisfy the 404(b) requirement of "reasonable notice in advance of trial ... of the general nature of any such evidence it intends to introduce at trial." The Court therefore DENIES as moot the request to order the Government to provide notice.

11. *Request for separate trial from remaining Defendants.* Upon review of Defendant's and the Government's arguments, the Court is satisfied that a joint trial will best serve the interests of justice and judicial economy, and will not unfairly prejudice Defendant Ellis. The Court will DENY this request.

12. *Request for Leave to Renew Motions or Initiate New Motions.* Because the status of these motions may change at the time of trial, Defendant is free to renew these motions or initiate others at that time. Consequently, Defendant's motion for leave to renew motions or initiate new motions is GRANTED.

## CONCLUSION

For the reasons stated above, it is hereby:

ORDERED that Defendant's omnibus motion is **DENIED in part, DENIED with LEAVE TO RENEW in part, and GRANTED in part,** as specified herein; and

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.