UNITED STATES of America

v.

Alberto BOCIO, a/k/a Alberto Bocio Ramirez; Julie Ellsworth Pipino; Thomas Adams; Theresa Panza; Linda Skaadra; Michael Wagner; Donald Jacques; Kim Dahl; Leanne Vincent; Gabriel Almanzar, a/k/a JB; Christian Medina; Carla D. Ellis; Pedro Gratene, a/k/a Jose M. Geraldinos, a/k/a Wilfredo Gratiri, a/k/a Larry, Defendants.

No. 99–CR–109 (LEK).

United States District Court,
N.D. New York.

May 26, 2000.

Daniel J. French, U.S. Attorney, Albany, NY (Barbara D. Cottrell, Assistant U.S. Attorney, of counsel), for U.S.

O'Connell and Aronowitz, P.C., Albany, NY (Stephen R. Coffey, of counsel), for Carla D. Ellis.

## DECISION AND ORDER

KAHN, District Judge.

A court will ordinarily grant a party's motion if the non–moving party does not object to it, assuming that the motion is not manifestly inappropriate.[1] Here the Government has moved for the Court to reconsider its decision granting a motion by the Defendant. As a threshold issue, the Court must determine whether the Government objected to and properly argued against Defendant's motion, as the Government asserts it did. The Court is obliged to conduct that inquiry, as a measure essential to safeguarding the integrity and fairness of our legal system's motion practice, which relies on the presumption that all parties will fully and timely set forth their positions and arguments.

In this criminal action, Defendant Carla D. Ellis is under indictment by the federal grand jury of the Northern District of New York, charged with, on or about 1 January 1995, conspiring with other Defendants to distribute cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846; with using, on or about 23 and 29 December 1998, a telephone to commit the felony of distribution of cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 843(b); and with possessing cocaine, on or about 23 December 1998,

---

1. *See, e.g.,* 56 Fed.R.Civ.P. 56(e) ("If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.")

with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). (*See* Third Superseding Indictment at 1–4 (Doc. 66, 20 May 1999).)

Presently before the Court is the United States' motion for reconsideration of that portion of the Court's 4 March 2000 Order granting Defendant's request for disclosure of co-conspirator statements admissible under Federal Rule of Evidence 801(d)(2)(E). (*See* Notice Mot. (Doc. 135, 14 Mar. 2000); Mem.Law Supp. Gov't's Mot.Recons. ("Recons.Mem.") at 1 (Doc. 136, 14 Mar. 2000); *United States v. Bocio*, 103 F.Supp.2d 531, 534 (N.D.N.Y. 2000)(Kahn, J.).)

## I. *Standard of Review for Motions for Reconsideration*

■ Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g), unless otherwise governed by Fed.R.Civ.P. 60. The "clearly erroneous" standard of review applies to motions for reconsideration. The moving party must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995) (Calabresi, J.). Generally, the prevailing rule in the Northern District "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C–TC 9th Ave. Partnership*, 182 B.R. 1, 3 (N.D.N.Y.1995) (McAvoy, C.J.).

In the present case, the Government does not contend that the first ground, an intervening change in controlling law, applies. Nor does the Government contend that the second ground, the availability of new evidence not previously available, applies. It appears that the Government is instead arguing on the basis of the third ground, that its motion for reconsideration should be granted in order to correct a

clear error of law or prevent a manifest injustice.

■ This is a demanding standard.

It is not enough ... that [the moving party] could now make a more persuasive argument.... "[M]ere doubt on our part is not enough to open [up] the point for full reconsideration." The law of the case will be disregarded only when the court has "a clear conviction of error" with respect to a point of law on which its previous decision was predicated.

*Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir.1981) (Friendly, J.) (citations omitted) (quoting *White v. Higgins*, 116 F.2d 312, 317 (1st Cir.1940), and *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir.1964) (Friendly, J.)). A simple difference of opinion, no matter how deep it runs, will not warrant reconsideration. "[A]ny litigant considering bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *In re C–TC 9th Ave. Partnership*, 182 B.R. at 3.

## II. *DISCUSSION*

■ Defendant specifically requested in her omnibus motion that the Government disclose co-conspirator statements admissible as non-hearsay under Fed.R.Evid. 801(d)(2)(E). (*See* Mot. Pursuant Fed. R.Crim.P. 7, 12, 14 and 16 at 10–11 (Doc. 125, 6 Jan. 2000); Mem.Law Supp. Pretrial Mot. Carla Ellis at 9–11 (Doc. 126, 6 Jan. 2000).) Pursuant to the Rule, a statement will be admissible in evidence if it is offered against a defendant and is "a statement by a coconspirator [with her] during the course and in furtherance of the [purported] conspiracy." Fed.R.Evid. 801(d)(2)(E). The Court found that the Government raised no objection to Defendant's request, and granted the request, insofar as it covered statements made by Defendant Ellis's accused co–conspirators "during the course and in furtherance of the conspiracy" that were against Defendant Ellis, or subject to being offered in evidence against her; and ordered the Government to "disclose to the defendant and make available for inspection, copying,

or photographing: any relevant written or recorded statements . . ., or copies thereof, within the possession, custody, or control of the government." 103 F.Supp.2d at 534 (quoting Fed.R.Crim.P.16(a)(1)(A)).

For the Government to prevail in its motion for reconsideration of the Court's earlier decision, it must show that that decision was clearly erroneous. In its submissions in support of its motion for reconsideration, the Government has set forth arguments that it is not obligated to supply a defendant with co-conspirator statements in advance of the witness's testimony at trial. In its earlier memorandum on this issue, however—its response to Defendant's omnibus motion that, inter alia, requested disclosure of the co-conspirator statements—the Government indicated no opposition to that request. (*See* Gov't's Resp. to Def.'s Pretrial Mots. and Mem. Law Supp. Thereof ("Gov't's Resp.") at 4–5 (Doc. 128, 4 Feb. 2000).) The Government now argues that it *did* oppose the request by stating "[t]o the extent that ELLIS' [*sic*] discovery demands fall outside the scope of Rule 16 requirements, the government respectfully declines to comply with said demands." (Recons.Mem. at 1 (quoting Gov't's Resp. at 5).) A global utterance of that sort does not constitute a cognizable objection to a specific request, when a movant has submitted a motion that makes numerous distinct requests. In that circumstance a non-movant must state its objection to each request made in the motion, and must set forth arguments that include the legal bases for the non-movant's position. The Government did not do so with respect to Defendant's request for disclosure of co-conspirator statements, and the Court is accordingly obliged to find that it did not object to that request.

Therefore, the Court may not consider the arguments that the Government *now* submits in opposition to Defendant's request. Deadlines were established for submission of arguments in connection with Defendant's omnibus motion earlier this year; the Court gave the Government until 4 February 2000 to submit a response to that motion. Because the Government submitted no objection to the request for disclosure of co-conspirator statements, and submitted no arguments in support of the position that such disclosure is not required of the Government, the Government may not now, for the *first time,* object to and argue against such disclosure under the guise of a motion for reconsideration.

If the Court were to consider objections and arguments submitted in such a manner, it would render to naught the meaning of deadlines established for the argument of motions filed in this Court. Defendant relied—as do all movants in our system of justice—on the presumption that her motion would be fully argued and finally resolved within a definite period of time. To relieve the Government of *its* obligations under this system would inflict a manifest injustice on the Defendant. The Court must therefore DENY the motion for reconsideration.

### CONCLUSION

For the reasons stated above, it is hereby:

ORDERED that the United States' motion for reconsideration is **DENIED;** and

IT IS FURTHER ORDERED that the Government comply with this Court's previous order to **DISCLOSE CO–CONSPIRATOR STATEMENTS** to Defendant; and

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.