Charles H. SUMNER; Marjorie Marriott Sumner; Robert L. Richardson; Theodore Wettig; Robert Cunningham; Edward J. Tomeny; E.K. Harris; Edward J. Sabol; Frank W. Broadbent; Harry F. Michaels; Beryl Michaels; and Virginia Schafran, Plaintiffs,

v.

Carl McCALL, as Comptroller of the State of New York; Barbara Andrews, as Acting Treasurer of the State of New York; Thomas Sobol, as Commissioner of Education of the State of New York; Jane G. Gould, Director of the Office for the Aging of the State of New York; Douglas Boettner, Director of Contracts and Expenditures, Office of the New York State Comptroller; Ceasar Peralez, Commissioner of the New York State Department of Social Services; Leonard G. Dunston, Director of the New York State Division for Youth; East Syracuse–Minoa Central School District; East Syracuse–Minoa Board of

Education; Anthony Mastrobattisto, as a member of the East Syracuse–Minoa Board of Education; Dennis Helsel, as a member of the East Syracuse–Minoa Board of Education; Terrance O'Brien, as a member of the East Syracuse–Minoa Board of Education; Brian Schaller, as a member of the East Syracuse–Minoa Board of Education; Kenneth Sheehan, as a member of the East Syracuse–Minoa Board of Education; Deborah Tyminski, as a member of the East Syracuse–Minoa Board of Education; John Cowen, as a member of the East Syracuse–Minoa Board of Education; Anne O'Malley, as a member of the East Syracuse–Minoa Board of Education; Peter Monteleone, as a member of the East Syracuse–Minoa Board of Education; The Franciscan Academy, of Syracuse, New York; Greater Rochester Community of Churches; Catholic Charities of Diocese of Albany, Inc.; Seton Center Downtown and Seton Center—Prospect Recess, a/k/a Seton Catholic Family and Community Services; Little Flower Children's Services, of Brooklyn, New York; Madonna Heights Services, Burrs, Inc., a/k/a Madonna Heights Services; St. Gregory the Great Community Service Center, Inc.; Saint Sebastian Boys Brigade Camp, Inc.; St. Thomas Acquinas College, at Sparkill, New York; Our Lady of Lourdes, Melverne, New York; St. Stanislaus Kosta School, Maspeth, New York; Refuge Temple of Christ, Buffalo, New York; St. Peter's Day Care, Peekskill, New York; Hollywood Baptist Church of Christ; Suffolk Association for Jewish Educational Services; East Ramapo School District, Spring Valley (Rockland County), New York; Oyster Bay—East Norwich County School District, Nassau County, New York; Dobbs Ferry Union Free School District, Westchester County, New York; New York City Board of Education, New York County, New York; and Albany City School District, Albany County, New York, Defendants,

and

John Calareso and Thomas Quaresima, Intervenor–Defendants.

East Syracuse–Minoa Central School District; East Syracuse–Minoa Board of Education; John Cowen; Anne O'Malley; and Peter Monteleone, Cross–Claimants,

v.

Carl McCall; Barbara Andrews; Thomas Sobol; Jane G. Gould; Douglas Boettner, Ceasar Peralez; Leonard G. Dunston; East Ramapo School District; Oyster Bay—East Norwich County School District; Dobbs Ferry Union Free School District; New York City Board of Education; and Albany City School District, Cross–Defendants.

No. 87–CV–119 LEK/DRH.

United States District Court, N.D. New York.

June 8, 2000.

Costello Cooney & Fearon, LLP, Syracuse, NY (Donald L. Nicholas, of counsel), for defendant The Franciscan Academy (Sisters of the Third Franciscan Order).

Nixon Peabody, LLP, Rochester, NY (David M. Schraver, of counsel), for defendant Greater Rochester Community of Churches (formerly known as Genesee Ecumenical Ministries).

Tobin and Dempf, Albany, NY (Michael L. Costello, of counsel), for defendants Catholic Charities of the Diocese of Albany, and other defendants, and intervenor-defendants John Calareso and Thomas Quaresima.

Bishop Robert Sanders, Buffalo, NY, for defendant Refuge Temple of Christ.

Westchester Community Opportunity Program, Inc., Elmsford, NY (Susan Gibney, of counsel), Bozeman & Trott, LLP, Mount Vernon, NY (Bruce L. Bozeman, of counsel), St. Peter's Community Outreach, c/o Mr Paul Turnley, Peekskill, NY, for defendant St. Peter's Day Care.

Blumberg, Cherkoss, Fitz Gibbons & Blumberg, Amityville, NY (H. Lee Blumberg, of counsel), for defendant Hollywood Baptist Church of Christ.

Debbie Friedman or David I. Rosenberg, Commack, NY, for defendant Suffolk Association for Jewish Educational Services (formerly known as Suffolk Association of Jewish Schools).

Greenberg, Wanderman & Fromson, Spring Valley, NY (Stephen M. Fromson, of counsel), for defendant and cross-defendant East Ramapo School District.

Cammarata & Cronin, LLP, Oyster Bay, NY (James Cammarata, of counsel), for defendant and cross-defendant Oyster Bay—East Norwich County School District.

Shaw & Perelson, L.L.P., Poughkeepsie, NY (Stephen A. Perelson, of counsel), for defendant and cross-defendant Dobbs Ferry Union Free School District.

Boothby & Yingst, Washington, DC (Lee Boothby, of counsel), Office of Robert Epstein, Rochester, NY (Robert Epstein, of counsel), for the plaintiffs.

Hon. Eliot L. Spitzer, Attorney General of the State of New York, Albany, NY (Assistant Attorneys General, Howard L. Zwickel, James B. McGowan, of counsel), for state defendants and cross-defendants.

O'Hara & O'Connell, Syracuse, NY (Dennis G. O'Hara, James P. Evans, of counsel), for East Syracuse–Minoa defendants and cross-claimants.

New York City Law Department, Office of the Corporation Counsel, New York City (Naomi Fern Sheiner, of counsel), for defendant and cross–defendant New York City Board of Education.

Ruberti, Girvin & Ferlazzo, P.C., Albany, NY (Christopher P. Langlois, Jeffrey D. Honeywell, of counsel), for defendant and cross–defendant Albany City School District.

## MEMORANDUM–DECISION AND ORDER

KAHN, District Judge.

Now before the Court are motions for reconsideration of the Court's 30 September 1999 Memorandum–Decision and Order ("Order" (Doc.259)). In that Order the Court denied New York City Board of Education's ("NYCBOE") motion for summary judgment (Def.'s Notice Mot. (Doc. 181, 27 May 1998)), denied New York State Defendants' ("State") motion for summary judgment (Notice Mot. (Doc. 189, 28 May 1998)), denied Plaintiffs' motion and cross motion for summary judgment (Pls.' Notice Mot. (Doc. 197, 28 May 1998)), denied Intervenor–Defendants Calareso and Quaresima's motion for summary judgment (Notice Mot. Pursuant to Rule 56 (Doc. 208, 29 May 1998)), and denied Plaintiffs' second motion and cross motion for summary judgment (Pls.' Notice Mot. and Cross–Mot.Summ.J. Pursuant to Rule 56 (Doc. 225, 29 May 1998)). State Defendants have timely submitted a motion for reconsideration (*see* Notice Mot. (Doc. 260, 7 Oct. 1999)), as have Defendant NYCBOE (*see* Notice Mot. (Doc. 263, 8 Oct. 1999)) and the Plaintiffs (*see* Pls.' Notice Mot. (Doc. 265, 12 Oct. 1999)).

## I. *Standard of Review for Motions for Reconsideration*

■■ Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g), unless otherwise governed by Fed.R.Civ.P. 60. The "clearly erroneous" standard of review applies to motions for reconsideration. The moving party must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995) (Calabresi, J.). Generally, the prevailing rule in the Northern District "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C–TC 9th Ave. Partnership*, 182 B.R. 1, 3 (N.D.N.Y.1995) (McAvoy, C.J.).

In the present case, Movants do not contend that the first ground, an intervening change in controlling law, applies, although a number of parties in this action *have* pointed out that a substantial change in the controlling law may well be imminent. The Movants are not contending that the second ground, the availability of new evidence not previously available, applies. Movants are instead arguing principally on the basis of the third ground, that their motions for reconsideration should be granted in order to correct a clear error of law or prevent a manifest injustice.

■■ This is a demanding standard. It is not enough ... that [the moving party] could now make a more persuasive argument.... "[M]ere doubt on our part is not enough to open [up] the point for full reconsideration." The law of the case will be disregarded only when the court has "a clear conviction of error" with respect to a point of law on which its previous decision was predicated.

*Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir.1981) (Friendly, J.) (citations omitted) (quoting *White v. Higgins*, 116 F.2d 312, 317 (1st Cir.1940), and *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir.1964) (Friendly, J.)). A simple difference of

opinion, no matter how deep it runs, will not warrant reconsideration. "[A]ny litigant considering bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *In re C–TC 9th Ave. Partnership,* 182 B.R. at 3.

## II. *Discussion*

### A. *New York State Defendants' and New York City Board of Education's Motions for Reconsideration*

■ The Court did not reach the substance of the issues raised in the State's and the NYCBOE's motions because it found that the moving and non-moving parties were not in compliance with the Local Rules pertaining to motion practice—specifically, that those parties had exceeded the page limits mandated for memoranda of law. (*See* Order at 3–5.) In moving for reconsideration, the State and the NYCBOE have pointed out that the Court had previously granted authorization for all extensions of the page limits that were exceeded in submissions to the Court with respect to their motions. (*See* State's Affirmation at 1–2, and Exs. 1, 2 (Doc. 261, 7 Oct. 1999); State Defs.' Mem. Law Supp.Mot.Recons. at 2 (Doc. 262, 7 Oct. 1999); NYCBOE's Notice Mot., Decl. Naomi Sheiner Supp.Def.N.Y.City Bd. Educ.'s Mot.Recons. at 2 ¶¶ 4–5, and Exs. A, B, C (Doc. 263, 8 Oct. 1999); Mem.Law of Def.N.Y.City Bd.Educ.Supp.Mot.Recons. at 1–2 (Doc. 264, 8 Oct. 1999).) The Court has reviewed the docket report, and agrees with the State and NYCBOE Movants that it overlooked the authorizations it had given the parties for over-length submissions. The Court gladly acknowledges that the parties and counsel who made those submissions were blameless, and conducted themselves in a manner wholly consistent with the orders of this Court. The Court's mistake in overlooking the page-length extensions was an administrative error, attributable in part to a turnover in Court staff shortly before consideration of the motions. Inexperience collided with the *extremely* lengthy docket report in this (now thirteen years old) case; the individual reviewing the report was unable to find the authorizations for extra pages, and informed the Court that a number of submissions were not in compliance with Northern District motion practice. The Court apologizes to all parties and counsel. It is aware of the large number of litigants that have been embroiled in this action for many years, and regrets that it unintentionally imposed this additional delay on the resolution of this case.

The Court finds that the bases for its denial of the State's and the NYCBOE's motions were clearly erroneous, because of its oversight of the parties' earlier requests pertaining to those motions. There can be no doubt under the precedents discussed *supra* pp. 558–59, section I, that the facts at hand provide ample and well-founded bases for reconsidering the previous decisions to deny those motions on procedural grounds. The Court therefore GRANTS the State's and the NYCBOE's motions for reconsideration, VACATES its Order insofar as it denied their motions for dismissal or summary judgment, and orders those motions REINSTATED for consideration of their substance. Because its administrative error alone was sufficient basis for the reconsideration of its earlier decision, the Court need not address the other reasons advanced for reconsideration, and reaches no conclusions regarding their merits.

### B. *Plaintiffs' Motion for Reconsideration*

Plaintiffs move for reconsideration of the Court's denial of their "member item-grant" motion and cross-motion for summary judgment or partial summary judgment (Doc. 197), and "library and software state aid" motion and cross motion for summary judgment or partial summary

judgment (Doc. 225), on the grounds that the Court's decision

> is clearly erroneous, and a manifest injustice will result [because of] the [C]ourt's failure to consider [P]laintiffs' memoranda of law. This refusal to consider, because of a page limitation rule, failed to take into account the fact that the [C]ourt had previously granted [P]laintiffs' request for an enlargement of the page limitation.

(Pls.' Notice Mot. at 1–2.) Plaintiffs' attorney points out that the Court "grant[ed][P]laintiffs leave to file an enlarged (to 50 pages) memorandum in opposition to [D]efendant New York City Board of Education and a similar enlarged memorandum regarding opposition to the State [D]efendants's [*sic*] motion." (Decl. Lee Boothby Supp. Pls.' Mot.Recons. at 1 (Doc. 266, 12 Oct. 1999) (citing Doc. 162 at 1, 7 April 1998).)

The grants of enlargement that Plaintiffs and their counsel point out are irrelevant to their motion for reconsideration of the Court's denial of their two motions/cross-motions, because those grants applied to memoranda *responding* to *Defendants'* motions (as Plaintiffs' counsel was clearly aware; see quotation from counsel's Declaration *supra*, in the final sentence of the previous paragraph). Those memoranda (Pls.' Mem.Law Opp'n to Def.N.Y.City Bd.Educ.'s Mot.Summ.J. (Doc. 187, 27 May 1998) (41 pp.), and Pls.' Mem.Law Opp'n to State Defs.' Mot. Summ.J. and to Dismiss Certain Claims (Doc. 192, 28 May 1998) (42 pp.)) addressed *only* the Defendants' motions to which their titles referred; they did *not* address *Plaintiffs'* motions for which Plaintiffs now request reconsideration.

Despite the focus of Plaintiffs' arguments for reconsideration on the issue of the granting of enlargements of page limitations, *none* of the memoranda submitted pursuant to Plaintiffs' summary judgment motions exceeded the standard page limits under L.R. 7.1(a)1 and 7.1(b)1(C),[1] and the Court did *not* fail or refuse to consider *any* of those memoranda. Indeed, the Court's Order denying the various summary judgment motions made *no* mention of the length of memoranda in the sections concerning *Plaintiffs'* motions. (*See* Order at 6–7, 8–9.) Accordingly, Plaintiffs' arguments for reconsideration are wholly off-point, and unavailing.

■ Nevertheless, the Court has taken note of the numerous communications from various parties in this action regarding an imminent Supreme Court decision that is likely to have a broad, substantial effect on the Constitutional law of the separation of church and state. This is discussed in greater detail *infra*, pp. 561, section III. It will suffice here to say that, just as an intervening change in controlling law is a proper ground for reconsideration of a court's decision, *see In re C–TC 9th Ave. Partnership*, 182 B.R. at 3, it is within this Court's discretion to recognize that an imminent change in controlling law may "reasonably be expected to alter the conclusion reached by the [C]ourt," *Shrader*, 70 F.3d at 257—thereby requiring reconsideration of its recent decisions, or a resubmission of essentially the same motions by the parties—and that, therefore, the interests of justice require that the

---

1. Pursuant to Plaintiffs' "member item-grant" motion and cross-motion (Doc. 197), Plaintiffs submitted a 22–page Memorandum of Law (Doc. 199, 28 May 1998), and a 10–page Reply Memorandum (Doc. 207, 28 May 1998, 10 pp.); the State Defendants submitted a 20–page response Memorandum of Law (Doc. 200, 28 May 1998).

Pursuant to Plaintiffs' "library and software state aid" motion and cross motion (Doc. 225), Plaintiffs submitted a 25–page Memorandum of Law (Doc. 229, 29 May 1998); Intervenor–Defendants Calareso and Quaresima submitted a 20–page response Memorandum of Law (Doc. 234, 29 May 1998), Defendant Albany City School District submitted a 15–page response Memorandum of Law (Doc. 242, 29 May 1998), and Defendant East Syracuse–Minoa Central School District submitted a 6–page response Memorandum of Law (Doc. 243, 29 May 1998). Plaintiffs submitted no reply brief.

Court forthwith reconsider its disposition of the motions, and revive them for further review in the light of the forthcoming changes in the controlling law. The Court therefore GRANTS Plaintiffs' motion for reconsideration, VACATES its Order insofar as it denied their motions/cross-motions for summary judgment or partial summary judgment, and orders those motions REINSTATED for consideration.

### C. *Denial of Intervenor–Defendants' Motion for Summary Judgment*

Intervenor–Defendants Mr John Calareso and Mr Thomas Quaresima have not moved for reconsideration of the Court's denial of their motion [2] for summary judgment. (*See* Order at 7–8.) Nonetheless, the Court of its own initiative, for the reasons discussed *supra* pp. 560–61, section II.B, finds that the interests of justice require that the Court reconsider its disposition of this motion, and revive it for further review in the light what·are in all likelihood imminently forthcoming changes in the controlling law. The Court therefore sua sponte GRANTS reconsideration of its denial of Intervenor–Defendants' motion for summary judgment, VACATES its Order insofar as it denied that motion, and orders the motion REINSTATED for consideration.

### III. *Pending Supreme Court Decision*

The Supreme Court heard oral argument on 1 December 1999 in *Mitchell v. Helms. See* U.S. S.Ct. Official Tr. of oral argument, *Mitchell v. Helms,* No. 98–1648, 1999 WL 1134744 (U.S. Dec. 1, 1999); *see also Helms v. Picard,* 151 F.3d 347 (5th Cir.1998), *cert. granted, sub nom. Mitchell v. Helms,* 527 U.S. 1002, 119 S.Ct. 2336, 144 L.Ed.2d 234 (1999). The central issues in that case—as a number of the present parties have asserted to this Court on several occasions—are very nearly identical to the issues before this Court in the present case (indeed, Mr Boothby, Plaintiffs' lead attorney in this case, is also

among the principal attorneys in *Mitchell,* and participated in that oral argument at the Supreme Court bar last December). The Supreme Court's much-anticipated decision in *Mitchell* is thought likely to be issued toward the end of that Court's current term, later this month. It is expected to resolve a number of highly contentious issues in the Constitutional law of the separation of church and state. This Court believes that it would not be productive to issue a decision on the reinstated summary judgment motions now before it in this case, when an important decision by the Supreme Court is imminent, and could well require profound changes in this Court's adjudication of the issues presented in those motions. *See Shrader,* 70 F.3d at 257. Accordingly, the Court will STAY consideration of these motions until the Supreme Court issues its decision in *Mitchell.*

### CONCLUSION

For the reasons stated above, it is hereby:

ORDERED that the New York State Defendants' motion for reconsideration is **GRANTED;** and

IT IS FURTHER ORDERED that Defendant New York City Board of Education's Motion for reconsideration is **GRANTED;** and

IT IS FURTHER ORDERED that Plaintiffs' motion for reconsideration is **GRANTED;** and

IT IS FURTHER ORDERED that reconsideration of the Court's denial of Intervenor–Defendants Calareso and Quaresima's summary judgment motion is **GRANTED** sua sponte; and

IT IS FURTHER ORDERED that the Court's Memorandum–Decision and Order of 30 September 1999 is **VACATED,** insofar as it denied the parties' motions and cross-motions for dismissal, or for summary judgment in whole or in part; and

---

**2.** *See* Intervenor–Defs.' Notice Mot. Pursuant to Rule 56 (Doc. 208, 29 May 1998).

IT IS FURTHER ORDERED that the parties' motions and cross-motions are **REINSTATED** for consideration of their merits; and

IT IS FURTHER ORDERED that consideration of the parties' motions and cross-motions is **STAYED** pending the Supreme Court's decision in *Mitchell v. Helms;* and

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Order by regular mail upon the parties to this action.

IT IS SO ORDERED.