Robert L. SCHULZ, Gary T. Loughrey, and William R. Nykorchuck, Plaintiffs,

v.

George E. PATAKI, individually and in his official capacity as Governor of the State of New York; Peter Delaney, individually and in his prior official capacity as Commissioner of the New York State Office of General Services; Joseph Seymour, individually and in his official capacity as Commissioner of the New York State Office of General Services; Charles Gargano, individually and in his official capacity as member of the Board of Directors of the New York State Purchasing Council; H. Carl McCall, in his official capacity as Comptroller of the State of New York; and the Sysco Corporation, Defendants.

No. 98–CV–150 (LEK)(DNH).

United States District Court, N.D. New York.

March 30, 2001.

Robert L. Schulz, Queensbury, NY, pro se.

Gary T. Loughrey, Queensbury, NY, pro se.

William R. Nykorchuck, Clifton Park, NY, pro se.

Darren O'Conner, AAG, Office of Attorney General, Albany, NY, for defendants.

Hermes A. Fernandez, Bond, Schoeneck Law Firm, Albany, NY, for Sysco Corporation.

### MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

Presently before the court is Plaintiff William R. Nykorchuck's motion for reconsideration. For the following reasons his motion is DENIED.

## I. BACKGROUND

Plaintiffs filed the instant action on January 29, 1998 alleging, in part, that New York's award of a food supply contract to defendant Sysco Corporation ("Sysco") violated a variety of federal and state statutes, including the Sherman, Clayton, and Perishable Agricultural Commodities Acts. On November 20, 1999, this Court dismissed the complaint in its entirety, holding, in relevant part, that Plaintiffs did not have standing to bring their Sherman Act and Clayton Act claims and that Plaintiffs had also failed to meet the statutory prerequisites necessary to bring a claim under the Perishable Agricultural Commodities Act. Plaintiff William R. Nykorchuck seeks reconsideration of that order based upon the fact that he is the sole shareholder of W.R. Nykorchuck & Co., Inc., ("WRN"), a food distribution business allegedly injured because of Defendants action. Plaintiff alleges that his status as the sole shareholder of WRN gives him standing to maintain an antitrust action against Defendants.[1]

## II. DISCUSSION

A. *Standard for Reconsideration*

Generally, the prevailing rule in the Northern District "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent

---

1.  As an initial matter, the Court rejects defendant Sysco assertion that because plaintiff Nykorchuck submitted his notice of motion and memorandum of law in violation of Local Rule 7.1 the Court should reject them in their entirety. Although the Court has repeatedly cautioned litigants to follow the local rules, here plaintiff Nykorchuck is proceeding pro-se and defendant Sysco has not demonstrated any prejudice arising out of his defective submissions. As such, the Court will address his motion on the merits.

manifest injustice." *In re C–TC 9th Ave. P'ship,* 182 B.R. 1, 3 (N.D.N.Y.1995). Plaintiff Nykorchuck's basis for this motion is that this Court made a clear error of law or needs to correct a manifest injustice because of significant errors contained in the Court's earlier decision. Although this Court enjoys broad discretion when making a determination to reconsider on this ground, *Von Ritter v. Heald,* 876 F.Supp. 18, 19 (N.D.N.Y.1995), it will not disregard the law of the case unless "the Court has a 'clear conviction of error' with respect to a point of law on which its previous decision was predicated." *Fogel v. Chestnutt,* 668 F.2d 100, 109 (2d Cir. 1981).

### B. *Plaintiff's Shareholder Status*

■ Plaintiff's primary argument in support of this Court's earlier order is that as the sole shareholder of a corporation allegedly injured because of the unlawful monopoly granted Sysco, he has standing to bring the current claim. This Court disagrees. The Second Circuit has long held that shareholders, even sole shareholders, do not have standing to bring an antitrust action in their individual capacity to rectify alleged violations that cause corporate injury. *See Jones v. Niagara Frontier Transp. Authority,* 836 F.2d 731, 736 (2d Cir.1987); *Rand v. Anaconda–Ericsson, Inc.,* 794 F.2d 843, 849 (2d Cir. 1986); *Vincel v. White Motor Corp.,* 521 F.2d 1113, 1118 (2d Cir.1975); *Berman v. International Business Machines Corp.,* No. 90 CIV 4821, 1991 WL 183763, at *2 (S.D.N.Y. Sept.12, 1991). The rationale underpinning this rule is that the antitrust laws are not designed to allow recovery for anyone incidentally injured by a violation of the antitrust laws. *See Perkins v. Standard Oil Co.,* 395 U.S. 642, 649, 89 S.Ct. 1871, 23 L.Ed.2d 599 (1969).

When a corporation violates the antitrust laws, it is usually that corporation's competitor that suffers a direct and legally cognizable injury, even though shareholders of the injured corporation often suffer economic injury. In essence, a shareholder's claim is incidental to the injured corporation's claim and not cognizable in court. *See Weatherby v. RCA Corp.,* Nos. 85–CV–1615, 85–CV–1613 and 85–CV–1614, 1986 WL 21336, at *6 (N.D.N.Y. May 9, 1986). In accordance with this principle, the shareholder's claim here is barred and the Court does not conclude that it made a clear error of law when it dismissed Plaintiff William R. Nykorchuck's antitrust claims. Consequently, his motion for reconsideration on this ground is denied.

### C. *Plaintiffs' Perishable Agricultural Commodities Act Claim*

■ In this Court's initial opinion, Plaintiffs' Perishable Agricultural Commodities Act ("PACA") claim was dismissed because of their "failure to meet the statutory prerequisites, as explained in Defendants' brief." *Schulz v. Pataki,* No. 98 CV 150, slip op. at 3–4 (N.D.N.Y. Nov. 20, 1999). Plaintiff William R. Nykorchuck seeks reconsideration of that finding on the ground that this Court misapprehended the nature of the prerequisites of a claim under the PACA. The Court disagrees with him.

Congress enacted the PACA in 1930 and amended it in 1984 "to encourage fair trading practices in the marketing of perishable commodities." *Frio Ice, S.A. v. Sunfruit, Inc.,* 918 F.2d 154, 155–56 (11th Cir. 1990). To facilitate this goal, the PACA prohibited produce dealers from, in part, mislabeling the quantity of goods sold, rejecting or failing to deliver goods in accordance with the terms of a contract, discarding perishable goods without cause, and misleading buyers about the nature of

goods sold. *See generally* 7 U.S.C. § 499b. Any party aggrieved by a produce dealer that fails to follow the statutory obligations set forth in 7 U.S.C. § 499b is entitled to bring suit in any court of competent jurisdiction and receive appropriate damages. *See* 7 U.S.C. § 499e.

Moreover, under the PACA, produce dealers must make "full payment promptly" for any produce they purchase. *See* 7 U.S.C. § 499b(4). To compel prompt payment, all produce dealers hold produce-related assets they purchase in trust for the seller until full payment is made. *See* 7 U.S.C. § 499e(c). If the trust beneficiary does not receive payment from the trust, it may bring an action for payment in federal district court. *See* 7 U.S.C. § 499e(c)(5).

Here, Plaintiff Nykorchuck has not alleged that he is a trust beneficiary for any produce sales made to Sysco nor has he alleged any other distinct and palpable injury to him giving rise to a PACA claim. *See Six L's Packing Co., Inc. v. Post & Taback, Inc.*, 132 F.Supp.2d 306, 309 (S.D.N.Y.2001). For example, he has not alleged that he contracted with Sysco for the delivery of perishable goods and that those goods either failed to arrive or were otherwise mislabeled causing him injury. At most, his allegation that Sysco violated the PACA would allow New York State, the contractor receiving deliveries from Sysco, and not plaintiff Nykorchuck or the other named Plaintiffs, to file a PACA claim against Sysco. Consequently, this Court holds that Plaintiffs lack standing to bring a PACA claim against Sysco and have otherwise failed to satisfy the statutory prerequisites needed to bring a PACA suit and will not reconsider its earlier determination to dismiss their PACA claim against Sysco.

## III. CONCLUSION

Accordingly, it is hereby

ORDERED, that Plaintiff's motion for reconsideration is DENIED; and it is further

ORDERED, that the Clerk of the Court shall serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.